# Dottarer *versus* Bushey.

1. If the words charged in a narr. for slander do not imply a criminal charge subject to infamous punishment, neither an innuendo nor verdict will help them; but when they are used in a double sense, the plaintiff may, by an innuendo, aver the meaning with which he thinks they were spoken, and the jury may find whether they were spoken with that meaning or not.
2. Where the words were that the plaintiff "will lie, cheat, steal, and swear," it was not error for the court, in answer to a broad request of defendant's counsel to charge that the evidence did not support the declaration, to say to the jury that these words may import that the plaintiff steals.
3. To say of a person that "I believe he will steal, and I believe he did steal," amounts to the charge of larceny.
4. To say of a person he "took my wood, and is guilty of any and every thing that is dishonest," connected with the innuendo that the defendant meant that plaintiff was guilty of larceny, is sufficient after verdict.

ERROR to the Common Pleas of *Adams county.*

This was an action of slander, brought by Bushey against Dottarer. The narr. contained seven counts; in the first of which the matter complained of is laid in the following words, viz. "Bushey is guilty of every thing that is mean and dirty. He lies, and swears, steals, and cheats. He has taken my wood."

In the 2d count the words laid are, "Bushey has stolen my property."

In the 3d count they are laid, "Bushey is guilty of theft. He has taken my property."

In the 4th count they are charged as follows: "Bushey took my wood, and is guilty of any and every thing that is dishonest."

In the 5th count, the words laid are, "He lies and swears, steals and cheats."

In the 6th count they are laid, "Bushey stole my property."

And in the 7th count, "Bushey has taken my property. He is

[Dottarer *v.* Bushey.]

guilty of any and every thing that is mean and dirty. He will lie, cheat, steal, and swear, and then attend preaching on Sundays."

The plea was not guilty.

Upon the trial, the plaintiff produced the following testimony, viz. :

Enoch Routzong :—I was working for Bushey last fall a year. Dottarer came there and wanted me to work for him. I told him I was engaged to Mr. Bushey, and could not. He said that Bushey was such a rascal; that he would lie, cheat, and steal.

Cross-examined :—Nobody else present. I didn't tell it before this suit was started.

Jacob Funk :—In Miller's shop, Dottarer said Bushey would swear, lie, cheat, and steal. This was some time before the township election last spring.

Cross-examined :—James Miller and Nicholas Wilson were present.

Jonas Yetts :—The evening before last spring township election, at Stahle's store, Dottarer said, Bushey would lie, swear, and do any thing that was ornary; that he had taken his wood from him; and what else wouldn't he do?

James A. Miller :—On the morning of last spring election, Dottarer came by my shop. He said he was going to use his influence against Bushey at the election. He said, he will lie, swear, cheat, and steal, and do any thing else that is ornary. Had frequently used the same words before in my hearing; had done it at my shop when Mr. Funk was there. Mr. Bushey was a candidate for justice of the peace.

Nicholas Wilson :—The morning of the election, at Miller's shop, Dottarer said that Bushey would lie, cheat, swear, and steal, and do any thing that was ornary.

Cross-examined :—The same conversation Mr. Miller spoke of.

In chief :—I heard him use the same words at other times.

Abraham Slaybaugh :—At the spring election, Dottarer stopped me as I came by his mill. He said that a man who would do what Bushey had done, would steal, if it was not for the law.

Jacob B. Trostle :—I met Dottarer on his farm. He said, now I have left all good friends except this damned rascal across the creek, Bushey. *I believe he will steal, and I believe he did steal.* This was in April last.

Cross-examined :—We are not good friends.

The counsel for the defendant asked the court to instruct the jury that the evidence of the plaintiff did not support his allegation in the declaration that the defendant had charged him with the crime of stealing.

The charge was as follows :—This is an action of slander, in which the plaintiff seeks to recover damages from the defendant

S

for charging him with the crime of stealing. Among other things in his declaration, the plaintiff alleges that the defendant, in speaking of the plaintiff in the presence and hearing of different persons, falsely and maliciously said of him as follows: "Bushey is guilty of every thing that is mean and dirty. He lies and swears, steals and cheats."

It is contended by the defendant's counsel, that there is no evidence in support of this, and we are asked so to instruct the jury. A number of witnesses have testified that they heard the defendant say that the plaintiff *would* lie, swear, cheat, and steal. The testimony of these witnesses does not go to support the charge referred to. The charge is that he *does* steal, &c., and the testimony is, that he *would* steal, &c. To say of a man he *would* steal, is but to impute to him a want of honesty, or at most, a thievish propensity, to which he might yield under certain circumstances, as where the temptation is strong, or impunity probable or nearly certain, or if it were not for the law. One witness, however, James A. Miller, testifies that the defendant, in speaking of the plaintiff, said he will lie, swear, cheat, and steal, and do any thing else that is ordinary. If this witness testifies correctly, his testimony establishes the truth of the charge that the plaintiff steals, &c. Though the allegation and the proof are not precisely the same in words, they are the same in *substance*, and that is all that the law requires. The words laid in the declaration and those proved would be understood, by the world, as meaning the same thing. To say of a man that he will lie, swear, cheat, and steal, is, in meaning, the same as to say he is addicted to those vices, or that he practises them, or that he lies, swears, cheats, and steals. To say of a dog he will bite people and kill sheep, would as surely fix upon him the character of a vicious, sheep-stealing dog as would the words, he bites people, and kills sheep; or to say of a child, he will neither obey his father nor mother, would no less amount to a charge of disobedience than would the words, he disobeys the commands of his father and his mother.

Whether Miller is right or wrong in his statement of what the defendant said; whether it was *will* or *would*, is a matter for you to determine. Other witnesses, who were present, as they say, and as he says, at his shop, when the defendant spoke of the plaintiff, give a different version of the charge. They say that it was that he *would* steal, &c., and not that he *will* steal, &c. How it is, you will determine.

This charge was excepted to by the counsel for the defendant, and it was filed at their request. The jury found for the plaintiff $300 damages.

A motion was entered for a new trial in the court below, and overruled by them. Whereupon this writ of error was sued out.

[Dottarer v. Bushey.]

It was assigned for error:

1. The court should have given an affirmative answer to the defendant's prayer.

2. In that part of the charge, when they say to the jury, "to say of a man he will lie, swear, cheat, and steal, is in meaning the same as to say he is addicted to those vices; *or that he practises them,* or that he lies, swears, cheats, and steals," &c.

3. There was error in the distinction taken by the court as to the effect to be given by the jury to the expressions "he will" and "he would," &c., and strongly calculated to mislead the jury.

4. The words laid in the 4th count in the declaration are not actionable, and the finding of the jury being general, and the verdict and judgment general, it is erroneous and should be set aside by this court.

The case was argued by *Hepburn* and *McCreary,* for plaintiff in error.—The charges in the different counts, except the 4th, are of larceny. The testimony of every witness is, that Bushey *would* lie, cheat, steal, &c., except one, who uses the word "will" instead of "would." To say of a man that he will do so and so, characterizes a propensity which he may have in a peculiar emergency, and is not a charge of an indictable offence. To say he will steal, is not a charge that he did steal. To make words actionable, they must convey an express imputation of some crime liable to punishmen: 6 *Term Rep.* 691, Holt v. Scholefield; and C. J. GIBSON, in Harvey v. Bois, 1 *Pa. Rep.* 13, says, "If there is any rule established by universal assent, it is that words which impute an offence against morality are not actionable *unless the offence be indictable or induce some legal disability."* And 2 *W. & Ser.* 409, unless the charge imported by the words be indictable they are not actionable. Here, as we say, the proof does not establish a direct charge of an indictable offence.

The "substantial agreement" between the words laid in the declaration and those proved, which the law requires, must be found in the language employed, and not, as the court below seems to have supposed, in the effect which those words would probably have upon the minds of the hearers. Words must be proved as laid, and it is not sufficient to prove equivalent words of slander: Olmstead v. Miller, 1 *Wend.* 506; Watson v. Music, 2 *Miss.* 29; Fox v. Vanderbeck, 5 *Cowen* 513; Johnson v. Tait, 6 *Bin.* 121; Tipton v. Kahle, 3 *Watts* 93; Walters v. Mace, 2 *B. & A.* 756; 11 *Mod.* 86; 1 *Starkie on Slander* 370–72; 7 *Ser. & R.* 223–7.

No valid judgment can be given upon an assessment of entire damages upon several counts in slander, one of which counts discloses no cause of action: Day v. Robinson, 4 *Nev. & Man. Rep.* 884; 1 *Adol. & Ellis* 554, and Ruth v. Kurtz, 1 *Watts* 489. In the 4th count in the declaration, no cause of action is set forth.

[Dottarer *v.* Bushey.]

*McConaughy* and *Smyser*, for defendant.—The words are to be taken in their popular acceptation: 1 *Stew.* 384 ; 2 *Port.* 212, Hog *v.* Dorah; 9 *East* 93.    The charge need not be made in direct terms : 2 *Watts* 352 ; 2 *Wend.* 534 ; 3 *id.* 291 ; 4 *id.* 320.

The words, "you will steal," are actionable, when it is averred in the declaration that by the speaking of the words defendant meant and intended to have it understood and believed that the plaintiff had been guilty of larceny: Cornelius *v.* Van Slyck, 21 *Wend.* 71.    The words are so laid in the 1st count in the declaration in this suit; and the other counts contain the clause, "the said defendant further contriving and intending as aforesaid, then and there," &c.    But the testimony of Jacob B. Trostle fully sustains the narr., for he swears that defendant said of plaintiff, "*I believe he will steal, and I believe he did steal.*"    These words are actionable, and are none the less so, because of the expression, "I believe :" Beehler *v.* Stoever, 2 *Whar.* 313.

The 4th count, taken in connection with the prefatory matter in the 1st count, and with its context, comprehends the charge of larceny; and the jury, by their verdict, having found that such was their meaning, the court ought not to disturb it.    Each successive count need not be prefaced with all the inducements and allegations set forth in the first.    A reference to them in the subsequent counts is sufficient : Loomis *v.* Swick, 3 *Wend.* 205 ; Chambers *v.* Shultz, 8 *Watts* 300.    Even if the words laid in the 4th count were not in themselves necessarily actionable, yet the 1st and 4th counts, taken together, connect the plaintiff with the slanderous imputation, and give them an actionable meaning as applied to the plaintiff : 1 *Chitty's Pl.* 681.    After verdict, it shall be taken that the jury intended to find that the defendant spoke the words with reference to the commission of a larceny by plaintiff : 1 *id.* 677, 678.

The opinion of the court was delivered May 26, by

COULTER, J.—If the words charged in a narr. for slander do not imply a criminal charge subject to infamous punishment, neither an *innuendo* nor a verdict will help them.    But when the words be used in a double sense, or will bear several meanings, the plaintiff may, by an *innuendo*, aver the meaning with which he thinks they were spoken, and the jury is the proper tribunal to pass on the truth of the *innuendo* and find whether the words were spoken with that meaning or not.    In this case, the counsel for the defendant requested the court to "instruct the jury that the evidence of the plaintiff did not support the allegation in the declaration that the defendant had charged him with the crime of stealing."    This is a very broad request, and the court did not comply with it.    The words in all the counts were laid with an *innuendo*, to wit, thereby meaning that the plaintiff had been guilty of larceny.    Now, if the

[Dottarer v. Bushey.]

words spoken or proved, without torturing them, would bear that meaning, the court had no right to say that they did not support the allegation in the narr. The words proved were, the plaintiff will "lie, swear, cheat, and steal, and do every thing else that is ornary." The court say that these words may import that the plaintiff "lies, swears, cheats, and steals." This was not taking from the jury the right to say, if they so thought, that they were not spoken in that sense, but were intended to mean that he will lie, cheat, and steal in future, if he thinks proper. The frequent repetition of these charges in the same or equivalent words, the number of persons to whom they were spoken, evinced a determination on the part of the defendant to fix on the plaintiff a character rotten in corruption, especially as they were spoken with the avowed purpose of preventing his election as a justice of the peace. All that can fairly be implied from the answer of the court is, that these words may implicate a charge of larceny. They could not take from the jury the right to say that they were spoken in that sense. And nobody will say that the circumstances, the manner of speaking them, and their constant repetition, may not give to them the character of a direct charge. The defendant was very indefinite in his point put to the court, if he wished a more particular instruction. I understand the judge to mean that the words proved are substantially as laid, and that if found as laid, that is, with the *innuendo*, they do support the action.

But the testimony of one of the witnesses comes fully up to the mark, who says that he met Dottarer on his farm, and he said, "Now I have left all good friends except this damned rascal across the creek, Bushey. I believe he will steal, and I believe he did steal." If this does not mean that he stole, I don't know what it does mean.

The addition of "I believe," does not soften the charge; it is a charge of larceny: 2 *Whar.* 313.

The words in the 4th count are connected with the *innuendo*, that the defendant thereby meant that the plaintiff was guilty of larceny, and after verdict, are sufficient. They may import the crime of larceny without torturing them, especially when spoken in connection with the other words with which they are coupled. The whole testimony was before the jury, and they were the proper judges with what intent the words were spoken, and in what sense the defendant intended them to be understood. The error assigned, therefore, as to the damages being assessed on all the counts, the fourth being bad, fails.

Judgment affirmed.