## Hartranft *versus* Hesser *et ux.*

In an action of slander, where the general issue alone is pleaded, the plaintiff cannot, in the first instance, give evidence tending to prove the defendant's knowledge of the falsity of the words spoken.

A plaintiff cannot give such evidence of the defendant's knowledge, except for the purpose of rebutting the defence. - ·

Chubb v. Gsell, *ante* p. 114, re-affirmed.

ERROR to the Common Pleas of *Berks county.*

This was an action of slander by James B. Hesser and Harriet his wife, against William G. Hartranft, for words alleged to have been spoken of the wife, charging her with being a whore. After proving the words substantially as laid, the plaintiffs called Valeria Hesser, and offered to prove the following:—"About two years ago, Hartranft came and asked the plaintiff if he could not come to see her once in a while—that he could come and no one would know it. She might live there rent free. We were living in Hartranft's house, in Union township. She told him no. I am fourteen years old. We moved away from there, 1st of April after." To which testimony the defendant's counsel objected; but the learned court (JONES, P. J.) overruled the objection, admitted the evidence, and, at defendant's request, sealed a bill of exceptions.

A verdict was rendered for the plaintiffs of $200, and judgment was entered thereon.

The defendant then sued out this writ, and assigned the admission of the evidence of Valeria Hesser for error.

*McKenty*, for plaintiff in error, contended that such evidence was not admissible as evidence of malice, and cited Thomas v. Crosswell, 7 *Johns.* 264; Finnerty v. Tipper, 2 *Campb.* 75; Rustell v. Macquister, 1 *Id.* 48; Howell v. Cheatham, *Cooke* 248; Wallis v. Mease, 3 *Binn.* 550; Eckart v. Wilson, 10 *S. & R.* 53; Stuart v. Lovell, 2 *Stark. Rep.* 93; Pearce v. Ormsby, 1 *M. & Rob.* 455; Steinman v. McWilliams, 6 *Barr* 170.

*Green & Richards*, for defendants in error, cited 1 *Greenl. Ev.* § 18; 2 *Id.* § 418; 2 *Stark. on Sland.* 47; Bodwell v. Osgood, 3 *Pick.* 379–384; 2 *Stark. Ev.* 634; 2 *Yeates* 473; 3 *Binn.* 550; Keen v. McLaughlin, 2 *S. & R.* 469; 10 *S. & R.* 44; Beehler v. Steever, 2 *Whart.* 326; Stees v. Kemble, 3 *Casey* 112; Inman v. Foster, 8 *Wend.* 602.

The opinion of the court was delivered by

THOMPSON, J.—We are to consider the exception in this case in

[Hartranft *v.* Hesser *et ux.*]

the light presented by the pleadings.    It was an ordinary action
of slander, for words actionable in themselves.    "You" (the plain-
tiff's wife meaning) "are a d—d whore," were the words as at
first laid in the *narr.*, but the collocation was subsequently varied
by an amendment, preserving however the same charge in sub-
stance.

The first testimony offered by the plaintiffs, and received under
exception, was that given by a daughter of the plaintiffs, fourteen
years of age at the time of testifying, who said: "About two
years ago, Hartranft came and asked her (her mother) if he could
not come to see her once in a while—that he could come, and no
one would know it.    She might live there rent free.    We were
living in Hartranft's house, in Union township.    She told him
no."

The words in the *narr.* were claimed to have been proved in
substance as laid, and to have been spoken on or about the 1st of
April afterwards.    There was a good deal of conflict in the tes-
timony, in regard to whether the defendant made the charge at
all or not; but with this we have nothing to do, excepting that it
may call for a more careful scrutiny, to see that improper evidence,
on which the jury may have acted, instead of regarding the charge
alone, was not given.

The value and necessity of pleading rests upon a universally-
acknowledged principle of justice, which requires that a party
charged shall have notice of the exact charge, so that he may
come prepared to meet it.    So, too, the charging party is also to
be informed of what is relied upon to constitute the defence.
Within the limit of the notice, or manifestoes on each side thus
made public, the evidence is in the first instance to be brought.
In other words, the *allegata* and *probata* must agree.    To disregard
these essentials, is to do away with the value of pleading.    Did
the evidence offered in this case come within these general prin-
ciples ?

It is contended that it was within the *allegata* of the plaintiff,
as it tended to prove malice, an essential ingredient in slander.
But the proposition proved, even if rude, evinced nothing of this.
It did not seem to have been made in anger or with intent to insult,
however improper it may have been.    It certainly was not evidence,
*per se*, of malice.    But it is said, that it was evidence of malice
in the speaking of the words, as it tended to prove that the de-
fendant knew that the charge he made was false, because of the
refusal given to his solicitation.

Grant for the sake of the argument, that it was evidence on
this point if it had been in issue—and it would have been exceed-
ingly slight evidence indeed, scarcely a spark ; why, or how, did
it become necessary to prove it as the case stood ?    The defend

[Hartranft *v.* Hesser *et ux.*]

ant's only plea was "not guilty." This admitted all that it did not deny. It certainly admitted the falsity of the charge, if proved to have been made, and the law implies malice in making a false charge. It is conceded, that the repetition of the same words after suit brought, or words showing malice but not actionable, before suit, may be given in evidence to prove actual malice. But there is a distinction between that sort of evidence, and proof of good character, or innocence, to raise a presumption of malice. The law presumes the latter, and until it is attacked the presumption stands for proof. It allows proof of actual malice in aid of the legal presumption, to enhance the damages. The rule is laid down in *Greenl. on Ev.* § 419, thus: "In ordinary cases under the general issue, the plaintiff will not be allowed to prove the *falsity* of the charge made by the defendant, either to prove malice or to enhance the damages; for his innocence is presumed." So in 2 *Stark. on Slander* 59, is the same rule in nearly the same words. Hence there are numerous cases, and among them Chubb *v.* Gsell, *ante* 114, decided at this term, going to show that a plaintiff is not permitted to prove his general good character in the first instance, to raise the presumption of innocence, and necessarily the falsity of the charge. Now this was the ostensible object of the offer of the evidence in this case. Its real operation, it might be reasonably anticipated, would be much more effective against the defendant, if of little advantage to the character of the plaintiff. It directly impinged upon the rule stated. It was evidence of good character in the department assailed—the law settled this. And to permit such evidence was either to take advantage of a party unapprised of what he was to meet, or to get up a collateral issue not made by the pleadings in the case.

The qualification of the rule stated, is relied on as the rule itself; and we shall see the error of this, in stating it. It is said that, "where the defendant seeks to protect himself under colour of the circumstances or occasion of writing, or speaking, the words, it seems, that evidence that the charge was false, and that the defendant knew it to be so, is admissible to *rebut* the defence." This is predicable mostly of communications claimed to be privileged. It would certainly be a good answer to the impunity claimed for such a communication, that its author knew it to be false. But even in such a case it is admissible only because of the ground taken by the defendant: either because of a special plea to that effect, or where under the general issue the evidence is received in mitigation of damages. It is the position taken by the defendant that makes it proper evidence. In actions of slander for special damages, by reason of the publication of words not in themselves actionable, where deprivation of employment, loss of business by professional men and others, may have ensued,

[Hartranft *v.* Hesser *et ux.*]

the plaintiff, it is said, must not only prove the speaking of the words, the loss of employment, but the falsity of the charge. In such cases, the defendant's knowledge that they were false would be evidence in the first instance, undoubtedly. The reason that the plaintiff must make such proof, is, that there is no presumption of skill, fidelity, competency, or other qualities of adaptedness to the business injured, as there is in favour of innocence from crime: 2 *Stark. on Slander* 58–59 ; Rogers *v.* Clifton, 3 *Bos. & Pul.* 585. These considerations do not necessarily arise in this case, only as they may show that, if distinctions between the different kinds of actions of slander be confounded, errors in the rules of evidence admissible in them, may be expected to follow.

In the case in hand, as the pleadings stood, and as the case was tried, we do not think the evidence was admissible in any stage of it. Certainly not at the time it was admitted. True, if it afterwards became material, its admission out of time might be overlooked ; but we do not think this occurred.

Its admission was also defended on the ground, that as the words were spoken during the excitement described by some of the plaintiffs' witnesses, that it might have been contended by the defendant, in mitigation of damages, that they were uttered under the influence of passion, and therefore not to be so severely visited in damages. This, as a ground of admission, was simply speculative—for the defendant had neither by plea or word of mouth intimated any intention of the kind, nor do we perceive that he did or could have relied on such a position. A party is not to anticipate, and, on the ground of possibility that the other side may or may not do certain things, give evidence not called for by the pleadings. But supposing it offered at the right time for that purpose—would it have shown the absence of sudden passion in the speaker ? Or that, if his personal experience had not been what it was, in regard to the lady, he might have been more excusable in slandering her ? It must have answered one or both of these purposes, or it was irrelevant even on this last ground. That it did neither is quite apparent. Under a different defence it is possible that the evidence might have been admissible, but was not so here. That it was harmless irrelevant testimony, no one can for a moment believe. It is enough for this case, however, that the evidence was not admissible under the pleadings, or in answer by way of anticipation to the defendant's case; and for these reasons the judgment must be reversed.

Judgment reversed, and a *venire de novo* awarded.