## Burke, Appellant, *v.* Keppel.

*Slander—Words actionable per se—Married woman—Whore.*

The words "you harbored my whore and you are no better than she" are slanderous and actionable per se; and an innuendo following such words if it accuses the defendant as meaning and intending to charge the plaintiff with the crime of keeping and maintaining a bawdyhouse.

Argued Dec. 13, 1911.   Appeal, No. 23, Oct. T., 1911, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1908, No. 789, for defendant n. o. v. in case of Margaret Burke v. Louis Keppel.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass for slander.
The opinion of the Superior Court states the case.

*Error assigned* was order entering judgment for defendant n. o. v.

*Francis Chapman*, of *Chapman & Chapman*, with him *Robert E. Erwin*, for appellant.—The words are slanderous: Peterson v. Murray, 13 Ind. App. 420 (41 N. E. Repr. 836); Schmisseur v. Kreilich, 92 Ill. 347; Charleson v. Russell, 144 Ia. 38; Vanderlip v. Roe, 23 Pa. 82; Hartranft v. Hesser, 34 Pa. 117; Stoner v. Erisman, 206 Pa. 600; Gallagher v. Daly, 2 W. N. C. 426; Jeffery v. Gill, 56 Wash. 586 (106 Pac. Repr. 129); Walton v. Singleton, 7 S. & R. 449; Derham v. Derham, 123 Mich. 451 (82 N. W. Repr. 218)

*Joseph R. Embery*, for appellee.

OPINION BY ORLADY, J., March 1, 1912:
The plaintiff recovered a verdict against the defendant of $1,000, in an action of slander, which on motion was set

aside and a judgment entered in favor of the defendant. No reason is given for this by the court below and we cannot discover any in this record. The slanderous words as set out in the plaintiff's statement are, "You harbored my whore (meaning and intending to mean his wife) and you are no better than she is" and that he did call her many times within the time aforementioned, a whore, and a bitch, thereby meaning and intending to charge the said Margaret Burke with the crime of keeping and maintaining a bawdyhouse. No demurrer was filed, nor a bill of particulars requested.

In this charge to the jury the trial judge said: "Nine witnesses were personally called who testified that the defendant used the epithets detrimental to the character of the plaintiff, and six witnesses, it was agreed, if called would testify to his having used the same language: that makes fifteen witnesses who did or would testify to the effect that he uttered as to her, these vile words."

The innuendo was sufficiently specific, as the words used have such a general and well-known meaning, and are of such special significance that there can be no doubt as to the defendant's intention in repeatedly using them: Dottarer v. Bushey, 16 Pa. 204; Price v. Conway, 134 Pa. 340; Hayes v. Press Co., 127 Pa. 642; Collins v. Dispatch Pub. Co., 152 Pa. 187; 8 Cyc. 436.

The words are actionable per se: 30 Am. & Eng. Enc. of Law, (2d ed.) 519; Vanderlip v. Roe, 23 Pa. 84; Hartranft v. Hesser, 34 Pa. 117; Stoner v. Erisman, 206 Pa. 600; Walton v. Singleton, 7 S. & R. 449.

The defendant did not offer any testimony, so that the verdict was a result naturally to be expected, nor did he move for a new trial.

No reason being given why the verdict should be disturbed, the judgment setting it aside is reversed, and it is ordered that judgment be entered on the verdict in favor of the plaintiff.