## S. H. Bryant, Appellant, *v.* The Pittsburg Times.

*Libel—Indictable offense—Presumption of innocence—Probable cause.*

Where a publication charges an indictable offense the presumption of innocence is prima facie evidence of want of probable cause, and sufficient to put the defendant to proof of the facts to support his claim of privilege. Such presumption cannot be overcome by mere rumor or idle report, or careless and insufficient examination set up as a probable cause.

In an action for libel against a newspaper where the publication charged a physician with the crime of abortion, the defense of probable cause must be established by competent evidence, and if there is no such evidence, it is error to withdraw the case from the jury and enter a verdict for the defendant.

Argued Nov. 8, 1898.    Appeal, No. 145, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1896, No. 807, on verdict for defendant.    Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Trespass for libel.    Before FRAZER, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant, plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Ulysses S. Vogan,* with him *W. G. Crawford,* for appellant. —If there was any doubt as to the meaning of the language used, that question was for the jury, and the court had no right to give binding instructions, unless the publication was justifiable on some other ground: Com. v. Wolfinger, 7 Kulp, 537; Oles v. Pittsburg Times, 2 Pa. Superior Ct. 130; Collins v. The Dispatch Pub. Co., 152 Pa. 187; Dwyer v. Fireman's Journal Co., 11 Daly, 248.

A privileged publication is one made upon a proper occasion, from a proper motive, and based upon a reasonable or probable cause, and the burden of proving probable cause is upon the defendant : Conroy v. Pittsburg Times, 139 Pa. 337 ; Neeb v. Hope, 111 Pa. 145 ; Coates v. Wallace, 4 Pa. Superior Ct. 253 ; Collins v. News Co., 6 Pa. Superior Ct. 330 ; Com. v. Costello, 1 Pa. Dist. Rep. 749.

*George C. Wilson*, with him *William D. Evans*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 6, 1899 :

The announcements contained in the publication complained of, and directly affecting the plaintiff in this case, are that Coroner McDowell had resolved to hold an inquest on the body of Mrs. New who died of malpractice ; that district attorney Haymaker had sent county detective Robinson to assist the coroner ; that the detective and the deputy coroner had sub-pœnaed Dr. S. H. Bryant, of 821 Carson street, who is alleged to have performed the operation ; that he is a leading homeo-pathic physician of the South Side, and is under police sur-veillance at the order of the county detective. The common and natural inference from the publication was that the death of Mrs. New was the result of an abortion, and that the physi-cian then under police surveillance was connected with it.

It may be stated here that the plaintiff appeared at the in-quest in obedience to the subpœna, but he was not called to testify, and it was not shown that he had knowledge of Mrs. New's illness previous to the publication, or that he was at any time her medical adviser, or a participant in the crime which resulted in her death. The only conclusion arrived at by the coroner's investigation was that Mrs. New's death was caused by an abortion, but it did not charge any person as having been responsible for or implicated in any manner in the crime.

The plaintiff regarding the publication as libelous and in-jurious to his reputation and business, instituted this suit. On the trial of it in the court below he testified that he did not know Mrs. New, and that to the best of his knowledge he had never seen her, or prescribed for her, at his office or elsewhere. His testimony in this particular was corroborated by his son and no attempt was made to contradict it. He also introduced

evidence showing the effect of the publication upon his reputation and practice.

It was not denied by the defendant company on the trial or the appeal that the publication complained of virtually charged an indictable offense. But the defense of probable cause was not clearly established by competent evidence and, therefore, it was error to withdraw the case from the jury and enter a verdict for the defendant. In Conroy v. The Pittsburg Times, 139 Pa. 337, our Brother Mitchell, speaking for this Court, said: " The general rule is that nothing but proof of the truth is a defense to a libel. That it was privileged because published on a proper occasion from a proper notice, and upon probable cause, is the excepted case, and he who relies upon the exception must prove all the facts to bring himself within it," and that " where a publication charges an indictable offense, the presumption of innocence is prima facie evidence of want of probable cause, and sufficient to put the defendant to proof of the facts to support his claim of privilege." He also said in the same case " that the presumption of innocence cannot be overcome by mere rumor or idle report, or careless and insufficient examination set up as a probable cause." Applying these principles to the case at bar it seems clear that it should have been submitted to the jury.

Judgment reversed and venire facias de novo awarded.