## Holland, Appellant, *v.* Flick.

*Libel—Damages—Employment or trade.*

Any written words are libelous which in any manner are prejudicial to another in the way of his employment or trade.

Where words are spoken of another, in the way of his or her profession or trade, special damage need not be averred in the statement.

A publication charging a detective with cowardice is libelous.

Argued April 11, 1905. Appeal, No. 258, Jan. T., 1904, by plaintiff, from order of C. P. Luzerne Co., Dec. T., 1897, No. 434, refusing to take off nonsuit in case of Charles R. Holland v. Liddon Flick and R. J. Flick. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for libel. Before LYNCH, P. J.

At the trial it appeared that the libelous article was as follows :

### " Brave Men These.

### " Held Up by Highwaymen on Carey Avenue, Monday Morning.

"It is seldom that highwaymen attempt these dastardly acts in the precincts of this well protected city, yet if the story of Detective Charles Holland, George Dewey and the well-known actor, Bart W. Wallace, is to be believed, they did invade Carey avenue early Monday morning in search of game, Messrs. Holland, Dewey and Wallace being detained in this city by important business until long after the street cars had ceased to run Sunday night. As they jogged along over the asphalted streets Mr. Holland, the terror of the Beach Haven evildoers, related startling tales of adventure which he had participated in along Hunlock's Creek and valorous arrests of desperate criminals he had made on the Delaware, Lackawanna & Western. While in the midst of one of these thrilling recitals the sudden cry of ' halt ' rang out from the roadside and the cab stopped short. Detective Holland was the first to divine the meaning of the order and without waste of time he industriously began to hide himself under the seat, but owing to the fact that he is a large man and the hiding place was so small he had squeezed only part way in, when he stuck fast and could move neither way. In the meantime Wallace had struck the theatrical attitude of retreat and Dewey, with up-raised hands, was left alone to face the music. Rapidly the bandits plundered the pockets of the trio, and finishing in disgust pronounced the whole outfit ' busted.' They were allowed to pursue their way in peace towards Plymouth, the journey being taken up in extricating Holland from his uncomfortable situation."

The court entered a nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*William S. McLean*, with him *Gustav Hahn*, for appellant.— Written or printed words which are injurious to a person in his office, profession or calling, or which impeach the credit of any merchant or trader, by imputing to him insolvency, or even embarrassment, are libelous : McIntyre v. Weinert, 195 Pa. 52; Price v. Conway, 134 Pa. 340; Hayes v. Press Co., 127 Pa. 642.

It is always a question for the jury whether the words were spoken of the plaintiff in the way of his calling : Townshend on Slander & Libel (2d ed.), 270, note 2; Odgers on Libel & Slander, *568.

*Thomas F. Farrell*, for appellee.—This failure to connect the words with plaintiff in his special character and to claim damages for injury thereto is absolutely fatal to plaintiff's case : Barnes v. Trundy, 31 Me. 321.

The rule in Pennsylvania, deduced from all of the decisions on this branch of libel, is, that it is absolutely essential to aver in the declaration that the words were spoken or published of plaintiff in his calling or business and that they injured him in such character : Phillips v. Hoefer, 1 Pa. 62; Hook v. Hackney, 16 S. & R. 385; Wildee v. McKee, 111 Pa. 335; Price v. Conway, 134 Pa. 340 ; McIntyre v. Weinert, 195 Pa. 52; Naulty v. Bulletin Co., 206 Pa. 128.

The quality of an alleged libel, as it stands on the record, either simply, or as explained by averments or innuendoes, is purely a question of law for the court: Pittock v. O'Niell, 63 Pa. 253; Collins v. Dispatch Publishing Co., 152 Pa. 187 ; Meas v. Johnson, 185 Pa. 12.

An action for libel will not lie for a harmless bit of pleasantry: Press Company v. Stewart, 119 Pa. 584.

OPINION BY MR. JUSTICE POTTER, May 22, 1905 :

In his opinion in this case, filed upon the motion to take off the nonsuit, the learned trial judge says ; " In substance plaintiff's statement sets out that he is a citizen of good fame,

sobriety and bravery in the line of his duty as a detective and as an officer of the peace of a railroad company, and defendants being officers of the Wilkes-Barre Times, a newspaper published daily in Wilkes-Barre, on May 11, 1897, well knowing the premises and maliciously intending to cause it to be suspected that he had been guilty of drunkenness, of night brawling and of cowardice, published the words complained of, thereby meaning, the plaintiff in a drunken frenzy, had been bragging of his daring exploits as a detective and as an officer of the peace. The publication was not denied." But the court held that the words in themselves were not libelous, and in the absence of any averment or proof of special damages, there could be no recovery. We think the trial judge was in error in holding that the words were not published of the plaintiff in the way of his office. The publication refers to the plaintiff twice, as Detective Holland, and states that when attacked by bandits who plundered the pockets of the plaintiff and his friends, he, Detective Holland, showed great cowardice and ignominiously attempted to hide himself under the seat of the vehicle. The tendency of the words certainly was to injure the plaintiff in his calling as a detective, and to hold him up to scorn and contempt. The charge brought against him, was, if true, such as would disqualify him, and render him unfit, to fulfill the duties of the office of detective, or guardian of the peace. Courage is essential to the proper discharge of the duties of a detective.

Any written words are libelous which in any manner are prejudicial to another in the way of his employment or trade : Odgers on Libel and Slander, 19. This principle was cited with approval by this court in McIntyre v. Weinert, 195 Pa. 52, as was also the principle laid down in Odgers on Libel and Slander, and cited in Price v. Conway, 134 Pa. 340, that, where words are spoken of another, in the way of his or her profession or trade, special damage need not be averred in the statement.

It was also suggested that the publication was only intended as " good-natured raillery." Possibly it was. But that would be a matter for the jury to determine, and not for the court.

The specification of error is sustained, and the judgment is reversed, with a procedendo.