# Montgomery, Appellant, *v.* New Era Printing Company.

*Libel—Newspapers—Prima facies—Privilege—Probable cause—Attorney at law—City councils—Report of meeting.*

1. Any oral or written words which impute to an attorney at law the want of the requisite qualifications to practice law, or with having been guilty of corrupt, dishonest or improper practice in the performance of his duties as a lawyer are actionable per se.

2. Where, in an action of libel, plaintiff proves the publication of articles imputing dishonest and dishonorable action to the plaintiff in his professional conduct as an attorney at law, a prima facie case is made out, and the burden of proving privilege or probable cause is upon the defendant.

3. Where, in such case, the defamatory articles are based in part upon a report of a meeting of a committee of city councils, it is the duty of the defendant to establish, by way of defense, if it can do so, the privileged character of its publication; either that the defamatory words substantially as it published them were spoken at the committee meeting, or that acting with due diligence, it was deceived into the belief that they had been so uttered; and in that belief had published them, with fair and reasonable comments upon the proceedings.

Argued May 17, 1910. Appeal, No. 82, Jan. T., 1909, by plaintiff, from order of C. P. Lancaster Co., Nov. T., 1907, No. 13, refusing to take off nonsuit in case of C. Eugene Montgomery v. James D. Landis, B. S. Shindle et al., trading as the New Era Printing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for the publication of an alleged libelous article.  Before HASSLER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the refusal to take off nonsuit.

*John G. Johnson*, with him *Henry C. Niles* and *B. F. Davis*, for appellant.—The burden was on the defendant to show privilege: Neeb v. Hope, 111 Pa. 145; Conroy v. Pittsburg Times, 139 Pa. 334; McGaw v. Hamilton, 184 Pa. 108; Sacchetti v. Fehr, 217 Pa. 475; Mulderig v. Wilkes-Barre Times, 215 Pa. 470; Wood v. Boyle, 177 Pa. 620; Wallace v. Jameson, 179 Pa. 98.

*W. U. Hensel*, for appellees.—The question of privilege must be determined by the court: Henwood v. Harrison, L. R. 7 C. P. 606; Somerville v. Hawkins, 10 C. B. 583; Spill v. Maule, L. R. 4 Ex. 232; Neeb v. Hope, 111 Pa. 145; Jackson v. Pittsburg Times, 152 Pa. 406; McGaw v. Hamilton, 15 Pa. Superior Ct. 181.

If publication is privileged, malice must be proved by the plaintiff: Ormsby v. Douglass, 37 N. Y. 477; Chapman v. Calder, 14 Pa. 365; Waller v. Lock, 45 L. T. R. 242; Com. v. Pavitt, 40 Legal Int. 454.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

In entering judgment of compulsory nonsuit in this case, we think the trial judge took for granted the existence of certain facts of which no evidence appears in the record.  It was proven by the plaintiff that he was an attorney at law, practicing at the Lancaster county bar, and that the alleged libelous articles were published and largely circulated in the county.  In the articles in question the plaintiff was charged with presenting a bill twice for the same services in the same case.  The articles therefore imputed dishonest and dishonorable action to the plaintiff in his professional conduct as an attorney.  Any oral or written words which impute to an attorney at law

the want of the requisite qualifications to practice law, or with having been guilty of corrupt, dishonest or improper practice in the performance of his duties as a lawyer, are actionable per se. See 18 Am. & Eng. Ency. of Law (2d ed.), 960, and cases there cited, including Wallace v. Jameson, 179 Pa. 98; Bruce v. Reed, 104 Pa. 408; Barr v. Moore, 87 Pa. 385; Rush v. Cavenaugh, 2 Pa. 187. In the present action the plaintiff made out a prima facie case, and the burden was then upon the defendant to make out its defense. If the publication was a privileged communication, or if there was probable cause for the defendant to believe that the statements were true, that was a matter to be shown as a defense. The defamatory articles were based in part upon a report of a meeting of a committee of the city councils of Lancaster. There was, however, no evidence before the court that such a meeting of the committee was held, or that the articles fairly reported the facts as they actually occurred. As was held in Conroy v. Pittsburg Times, 139 Pa. 334, in order that a publication be privileged, it must be shown to have been made upon a proper occasion, from a proper motive, based upon reasonable or probable cause, and in a proper manner. Unjustifiable comments may deprive a publication of what would otherwise be its privileged character. Ordinarily, the publication of pertinent statements made in the course of judicial and legislative proceedings is absolutely privileged; but even as to them, this quality may be lost if the published account be exaggerated. Thus in Pittock v. O'Neill, 63 Pa. 253, Justice SHARSWOOD says, "It has been held to be libelous to publish a highly colored account of judicial proceedings mixed with the party's own observations and conclusions: Stiles v. Nokes, 7 East, 493; Lewis v. Clement, 3 Barn. & Ald. 702." In the present case it was the duty of the defendant to establish, by way of defense, if it could do so, the privileged character of its publication; either that the defamatory words substantially as it published them were spoken at the committee meeting, or that act-

ing with due diligence, it was deceived into the belief that they had been so uttered; and in that belief had published them, with fair and reasonable comments upon the proceedings. Not until proof of this character had been submitted, would the question arise for the determination of the court, as to whether or not the matter was privileged. We are of opinion that as the case stood at the close of the plaintiff's testimony, the entry of a compulsory nonsuit was erroneous.

The judgment is reversed with a procedendo.