# Drebin, Appellant, *v.* Jewish World Publishing Company.

*Libel and slander—Charge of wife-beating—Words libelous per se—Innuendo—Pleadings—Case for jury.*

1. A newspaper article charging that plaintiff was guilty of beating and ill-treating his wife is calculated to expose the person so charged to disgrace, odium and contempt in the eyes of his friends, and is libelous per se.

2. If words are defamatory, the law will presume the damage.

3. It is not necessary that all the words laid in a declaration for libel should be actionable. It is sufficient that some of them are.

4. The question as to whether or not the innuendo in an action for libel is warranted by the language declared on is for the court.

5. Where a declaration in an action for libel averred that defendant had published an article charging plaintiff with beating and illtreating his wife and further that defendant had charged plaintiff by innuendo with conspiring with his brother to place his wife in an insane asylum, it was not material that the allegations as to the innuendo of conspiracy could not be maintained; the charge of wife-beating being libelous per se, and the case should have been submitted to the jury.

Argued April 2, 1918.    Appeal, No. 214, Jan. T., 1917, by plaintiff, from final order of C. P. No. 1, Philadelphia Co., Dec. T., 1915, No. 3083, refusing to take off nonsuit, in case of Kolman Drebin v. Jewish World Publishing Company.    Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Reversed.

Trespass for libel.    Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

The court entered a nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Joseph A. Dolan,* of *Dolan & Kraus,* for appellant.— The publication complained of was libelous per se: Collins v. Dispatch Pub. Co., 152 Pa. 187; Neeb v. Hope, 111 Pa. 145; Barr v. Moore, 87 Pa. 385; Wood v. Boyle, 177 Pa. 620; Oles v. Pittsburgh Times, 2 Pa. Superior Ct. 130; Clark v. North American Co., 203 Pa. 346; Cullen v. Stough, 258 Pa. 196; Moore v. The Leader Publishing Co., 8 Pa. Superior Ct., 152; Good v. Grit Pub. Co., 36 Pa. Superior Ct. 238.

Special damages need not be proved where the article is libelous per se: Neeb v. Hope, 111 Pa. 145, 156; Meas v. Johnson, 185 Pa. 12, 19; Binder v. Pottstown Daily News Pub. Co., 33 Pa. Superior Ct. 411; Leitz v. Hohman, 16 Pa. Superior Ct. 276.

The question of the existence of the innuendo should have been submitted to the jury: Naulty v. Bulletin Co., 206 Pa. 128, 134.

*Harry Shapiro,* with him *David Phillips,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 17, 1918:

The measure of the public reprobation of an act is not always reflected in the penalty prescribed for its commission.    Notably this is true with respect to the offense

of wife-beating. The penalty most nearly approaching the measure of its reprobation is exacted in certain jurisdictions where the guilty party is subjected to a public horsewhipping; but because of its tendency to brutality of thought and feeling as well upon the general public as upon the party executing the sentence of the law, it is being largely, if not entirely, abandoned. Another consideration tending to this abandonment doubtless had been the certainty in the public mind that the guilty one would no longer be received into membership of any decent society, and that a horsewhipping would add nothing to his disgrace in the eyes of the public. We simply refer to the fact of the universal reprobation of the offence and the apparent inadequacy of the legal penalty prescribed for its commission only that the latter may not be mistakenly regarded as a measure of its enormity when one is called to answer in a court of justice for having in a publication, wilfully, maliciously and falsely charged another with such offense. The case calls for this reference inasmuch as it being an action for libel, the plaintiff was nonsuited in the court below on the ground that the words used in the defamatory article of which plaintiff complained were not actionable per se, and no special damages were alleged. If defamatory the law will presume the damage. The defendant is the owner and publisher of the Jewish World, a daily paper printed in the Yiddish language and published in the City of Philadelphia. The issue of the paper on the 27th September, 1915, contained an article in display type, announcing that a sensational hearing would take place that morning before a certain magistrate, "which will uncover a scandal unparalled in the history of local arrests"; "that the accused at to-day's hearing is Kolman Drebin—who was arrested on Wednesday, on the charge of beating and illtreating his wife, and that Drebin (the plaintiff) had been held in $500 bail." It then stated that a reporter of defendant had been told by a Dr. Segal of the woes and sufferings endured by plaintiff's wife at his

hands and how plaintiff had succeeded in sending her to Chicago where on the second day after her arrival, plaintiff's brother had committed her to an insane asylum from which she was saved in a remarkable manner. The article then proceeded to quote Dr. Segal's own words, relating how plaintiff's love for his wife cooled, how he conceived hatred for her, treated her in an inhuman way, beat her and did not give her enough to live on; how under different pretexts he succeeded in sending his wife to a brother of his in Chicago, who, on the next day after her arrival, forcibly placed her in an insane asylum. Still quoting Dr. Segal, the article narrated how she suffered in the asylum, being incarcerated, though sane; how she escaped; that plaintiff was compelled to bring her from Chicago to Philadelphia where he resumed treating her in an inhuman manner, concluding with the statement that Dr. Segal had caused plaintiff's arrest after ineffectually trying to get him to reform his conduct.

There is nothing equivocal or ambiguous in the language here employed. It explicitly and in unmistakable language asserts that the charge of which the plaintiff had been arrested and for which he was held to answer was "beating and illtreating his wife," and further, that the plaintiff "used to beat her, and did not give her enough to live on." Is such a charge calculated to expose the person charged to disgrace, odium or contempt in the estimation of his friends, acquaintances or the public? These are questions for the court and we unhesitatingly pronounce them libelous, and therefore actionable per se. They need neither innuendo nor colloquium to determine their meaning or application, and no special damage need be averred; their injurious character is a fact of common notoriety established by the general consent of men, and it follows that they necessarily impute damages which the law will presume, and malice as well. The learned court afterward refused a motion to take off the nonsuit, and in the opinion filed

makes specific reference to an innuendo contained in plaintiff's statement of cause of action, which attributes to the language used, in another connection, the meaning that plaintiff's wife was committed to an insane asylum through a conspiracy between plaintiff and his brother. The question as to whether or not the innuendo in an action for libel is warranted by the language declared on, is for the court, and we are not prepared to say that the court committed error in holding that on their face the words here employed were neither defamatory nor libelous. It is not charged that the plaintiff sent his wife to Chicago pursuant to any understanding with his brother that the latter was to place her in an insane asylum, and therefore the innuendo "that the plaintiff was guilty of a conspiracy with his brother to place plaintiff's wife forcibly and illegally in an insane asylum" is giving the words employed a meaning they do not import. The office of an innuendo is to aver the meaning of the language employed; but whether the innuendo is fairly warranted by the language declared on is for the court. Taking the publication as a whole, we find nothing in it that sustains the innuendo, however much it might be defamatory if true in fact. It was, as we have said, error to hold that the words set out in the publication charging the plaintiff with having beaten his wife were not actionable per se; the facts that these other words set out in the declaration as having been used in an alleged defamatory sense, but not so considered by the court, in no way impairs the sufficiency of the declaration. "It is not necessary that all the words laid in the declaration should be actionable. It is sufficient that some of them are:" Klumph v. Dunn, 66 Pa. 141.

Judgment is reversed and procedendo awarded.