## Pfeifly, Appellant, v. Henry.

*Slander—Ambiguous language—Innuendo—Falsifying scales—Case for jury.*

1. Where words have a double or doubtful meaning, the plaintiff in an action for slander may, by innuendo, charge which meaning he attributes to them; it then becomes a question for the jury to say whether the language was used with that meaning or uttered in a different sense.

2. In an action of slander by a person in trade against a former employee, where the language charged is that plaintiff "does not weigh correctly, he had shown me how to fix the scales when he went away," and the innuendo avers that defendant meant to charge plaintiff with falsifying his scales and selling merchandise by false weight, a criminal offense, the case is for the jury.

Argued January 31, 1921. Appeal, No. 226, Jan. T., 1921, by plaintiff, from order of C. P. Lehigh Co., Oct. T., 1917, No. 126, refusing to take off nonsuit, in case of Frederick L. Pfeifly v. Monroe D. Henry. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Reversed.

Trespass for slander. Before GROMAN, P. J.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Lawrence H. Rupp,* with him *George M. Lutz,* for appellant.—The evidence should have been submitted to

the jury for determination: Herler v. Pierce, 50 Pa. Superior Ct. 568; Bayunk v. Keinath, 63 Pa. Superior Ct. 393; Boyajian v. Ohanian, 60 Pa. Superior Ct. 614.

The words charged in the declaration and proven by the evidence are actionable per se: Com. v. Graffius, 67 Pa. Superior Ct. 281; Hayes v. Press Co., 127 Pa. 642; Price v. Conway, 134 Pa. 340; Meas v. Johnson, 185 Pa. 12; McIntyre v. Weinert, 195 Pa. 52; Stoner v. Erisman, 206 Pa. 600; Pittsburgh, etc., Ry. v. McCurdy, 114 Pa. 554; Mengel v. Reading Eagle Co., 241 Pa. 367.

*Thomas F. Diefenderfer,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 28, 1921:

Plaintiff's action is to recover damages for slander based on language he avers tended to charge him with dishonesty in business. The court below was of opinion the proofs were insufficient to sustain the averment contained in the statement of claim and entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

Plaintiff was engaged in the business of selling flour, feed and farm products at the town of Lynnport in Lehigh County. The statement of claim charges defendant with uttering slanderous words in the Pennsylvania German dialect tending to injure plaintiff in his trade and business; the words used, translated into English, were that plaintiff "does not weigh correctly, he had shown me how to fix the scales when he went away," the innuendo averring that defendant, who had previously been in plaintiff's employ, thereby meant to charge plaintiff with falsifying his scales and selling merchandise to customers by false weight, a criminal offense. In support of these averments a witness testified defendant said "Mr. Pfeifly weighed dishonest and Mr. Pfeifly should have shown Mr. Henry how to set the scales in his [plaintiff's] absence" or that he "didn't weigh correctly, he showed him [defendant] how to set the scales

when he [plaintiff] wasn't there." Another witness testified he heard defendant say in the presence of himself and others that plaintiff showed defendant "how to weigh when he was away" and that it was "not honest." The exact words are not given in the printed testimony, they were spoken in the Pennsylvania German dialect and only the translation in English is given. Enough appears, however, to warrant the interpretation placed upon them by the innuendo in plaintiff's statement of claim. The rule is that where words have a double or doubtful meaning, the plaintiff may by innuendo charge which meaning he attributes to them; it then becomes a question for the jury to say whether the language used was spoken with that meaning or uttered in a different sense: Stoner v. Erisman, 206 Pa. 600; Mengel v. Reading Eagle Co., 241 Pa. 367. In this case should the jury conclude the words in question were spoken with the intent charged in the innuendo, they not only imputed to plaintiff dishonesty in the conduct of his business, but subjected him to indictment for a criminal offense: McIntyre v. Weinert, 195 Pa. 52; Holland v. Flick, 212 Pa. 201. The case was for the jury and it follows, accordingly, that the court below erred in refusing to take off the nonsuit.

The judgment is reversed and venire facias de novo awarded.