SWEENEY v. PHILADELPHIA RECORD CO.

SAME v. CHRONICLE & NEWS PUB. CO.

SAME v. STEINMAN & STEINMAN, Inc.

Nos. 7799–7801.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 2, 1941.

Decided Feb. 25, 1942.

As Amended Feb. 27, 1942.

Harold D. Saylor, of Philadelphia, Pa., for appellant.

Robert T. McCracken, of Philadelphia, Pa. (Butz, Steckel & Rupp, of Allentown, Pa., James J. O'Brien, of Philadelphia, Pa., and John E. Malone, of Lancaster, Pa., on the brief), for appellees.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

In each of these cases the defendants filed and the court below granted motions to dismiss the complaints. The appeals are from these orders. The complaints are substantially the same and endeavor to state causes of action in libel based upon publications of the same syndicated article.[1] The question for our determination is whether the complaints do state causes of action.

Each of the complaints alleges that the plaintiff was and is a Congressman and attorney-at-law, a member of the Ohio Bar, and that the publication of the article set out in the footnote was intended to and did bring the plaintiff into public disrepute, injure him professionally and in his office, and hold him up to public scorn and contempt. In brief the plaintiff alleges that he was libeled because the defendants stated in their respective newspapers published in Pennsylvania that he opposed the appointment of a certain named individual as a judge of a United States District Court upon the ground that he was "a Jew, and one not born in the United States." Special damages are not alleged. If the plaintiff is to recover, what was said about him must be held to be libelous per se.

Nothing which the defendants published concerning the plaintiff imputed to him the lack of any quality requisite to the practice of the law or with having been guilty of any corrupt or dishonest practice in the performance of his duties as a member of the bar. Under the law of Pennsylvania the words published do not constitute a libel per se upon a member of the bar. Compare Montgomery v. New Era Printing Co., 229 Pa. 165, 78 A. 85, Ann. Cas.1912A, 375. Indeed there is nothing in the published matter which connects the plaintiff in any way with the legal profession.

Was there libel of the plaintiff as a congressman? The gist of the publication was that the basis of the appellant's opposition to the proposed judicial appointee was that he was a foreign born Jew. We can find no decision in Pennsylvania squarely in point, but Reed v. Patriot Co., 45 Dauph. Co. Rep., Pa., 1, a decision of the Court of Common Pleas of Dauphin County, indicates that the same rule of libel applies in respect to a member of the state senate, a member of the Bar of Pennsylvania, as applies to other public officers. Under the law of Pennsylvania it is libel per se to charge a public officer with a crime or misdemeanor in office. See Rowand v. DeCamp, 96 Pa. 493. In the cited case the libel charged that a borough burgess was "a damned thief". It is also actionable per se under the law of Pennsylvania to impute criminality to the official conduct of a judge. See Briggs v. Garrett, 111 Pa. 404, 2 A. 513, 56 Am.Rep. 274, and Mulderig v. Wilkes-Barre Times, 215 Pa. 470, 64 A. 636, 114 Am.St.Rep. 967. It is libelous in Pennsylvania to say of a judge that he "has done that which will remove him from his seat." See Hook v. Hackney, 16 Serg. & R., Pa., 385. In short under the law of Pennsylvania in order to

---

[1] The alleged libel is as follows:

"A hot behind-the-scenes fight is raging in Democratic Congressional ranks over the effort of Rev. Charles E. Coughlin to prevent appointment of a Jewish U. S. District Court Judge in Cleveland. * * * This has aroused the violent opposition of Representative Martin L. Sweeney, Democrat, of Cleveland, known as the chief Congressional spokesman of Father Coughlin.

"Basis of the Sweeney-Father Coughlin opposition is the fact that Freed is a Jew, and one not born in the United States. * * * Irate, Congressman Sweeney is endeavoring to call a caucus of Ohio Congressmen December 28 to protest against Freed's appointment."

In No. 7801 a portion of a headline is also included, viz., " * * * Rep. Sweeney arranges protest."

constitute libel per se the misconduct asserted in the published matter must be of a criminal nature or at least such as would warrant the removal of the public officer from his office or render him an improper person to hold public office. The misconduct alleged by the libel must really be in derogation of the oath of office taken by the public officer.

The complaints at bar do not meet this test. As a member of the House of Representatives the plaintiff had no duty to perform in recommending candidates for federal judicial appointments and there is no statement in the publication that he failed to discharge faithfully any of the duties of his office. The published matter nowhere alleges that the plaintiff was false to his oath. See the form of the congressional oath of office. House Rules and Manual, Seventy-six Congress, p. 71, Sec. 229. It is not an answer to assert, as the plaintiff does upon his brief, that as an influential congressman he might affect the appointment of a federal judge in Ohio. The complaints do not make such an assertion, but, if they did, it would be immaterial for the influence that the plaintiff could assert in this respect would be beyond the purview of his official conduct.

It is interesting to note that the libel law of New York (putting to one side any question arising under the doctrine of fair comment) is more tender in respect to public officials than is that of Pennsylvania. Cf. Bennet v. Commercial Advertiser Ass'n, 230 N.Y. 125, 129 N.E. 343, relied upon by the Circuit Court of Appeals for the Second Circuit in its decision in Sweeney v. Schenectady Union Pub. Co., 122 F.2d 288. In the case just cited that tribunal passed upon the identical printed matter here under consideration and held it to be libelous per se. That there is a substantial difference between the libel law of Pennsylvania and that of New York in respect to public officials is well illustrated by the decision of the Supreme Court of Pennsylvania in Commonwealth v. Foley, 292 Pa. 277, 141 A. 50. In the cited case the court points out that Article 1, Section 7, of the Constitution of Pennsylvania P. S. changes the common law of libel as to one charged with libeling a public official granting immunity where malice or negligence is not established to the satisfaction of the jury. The Constitution of New York contains no similar provision. Cf. Article 1, Section 8, of the New York Constitution. In our opinion the Pennsylvania rule is the sounder one for what is usually involved as in the case at bar is nothing more than a publication descriptive of political behavior. Too strict a law of libel in regard to statements regarding political conduct would have an unfortunate effect upon the proper functioning of our representative form of government. But whichever rule we think the sounder, it is the Pennsylvania rule which controls these cases because the publications occurred in Pennsylvania.

We come therefore to the last phase of the case. Can it be said that the words printed were such as tended to expose the plaintiff as a private citizen to contempt, ridicule, hatred or degradation of character? See Barr v. Moore, 87 Pa. 385, 390, 391, 30 Am.Rep. 367; Neeb v. Hope, 111 Pa. 145, 2 A. 568. Compare Mulderig v. Wilkes-Barre Times, supra; Mengel v. Reading Eagle Co., 241 Pa. 367, 369, 88 A. 660, 661. We must conclude that they are not. At the most the appellant is charged with being a bigoted person who, actuated by a prejudice of an unpleasant and undesirable kind, opposed a foreign-born Jew for a judicial appointment. Let us assume that it was stated in the alleged libel that the plaintiff opposed the appointment of a candidate simply because he was an Eskimo born above the Arctic Circle. We think that this example makes obvious the absurdity of the plaintiff's position. Eskimos are not being persecuted. Jews are being widely persecuted. We think that it is the connotation of persecution, which when carried into the matter published concerning the plaintiff, gives it the fallacious aspect of being libelous per se. The libel does not allege that Congressman Sweeney persecutes foreign-born Jews. It states nothing more than that he opposes one for an important federal office on the grounds stated.

In view of what we have stated it is unnecessary to discuss any privilege which might be asserted in connection with the publications.

The judgments of the court below are affirmed.