## PREVEDEN v. CROATION FRATERNAL UNION OF AMERICA et al.

### No. 9380.

United States District Court
W. D. Pennsylvania.

Aug. 7, 1951.

Cauley & Bowman, Pittsburgh, Pa., for plaintiff.

Thomas R. Balaban, Waynesburg, Pa., for defendants.

STEWART, District Judge.

■ This is an action of libel based upon the publication of two articles in the bilingual weekly newspaper published by the corporate defendant.[1] Defendant Vukelich is editor of the newspaper and defendants Mandich and Dobrinec are, respectively,

1. The first article was published in the "Zajednicar" on September 20, 1950, in the Croation language, and the English translation of its pertinent parts is as follows:

"Quite recently another low-down attempt at the assault against the treasury of the Croation Fraternal Union has been made, when some kind of a historian filed a complaint in the Court in Pittsburgh against the Union, members of the Supreme Board and officers, to recover damage for injury to his honor in the amount of $600,000.00. Against this individual sometime ago a complaint was filed to the High Trial Board of the Croation Fraternal Union. He was condemned to pay a fine because of malicious libeling of the Union and its directors. He offered no defense at all, since he had no defense, but quite obediently he sent his own check in the amount of $25.00 as a fine.

"Now, this individual wishes to return 'tit for tat' and is suing the Union for not less, nor more than $600,000.00 so that he may complete some kind of a masterpiece of Croation History published on fine paper, in the English language, in the Spanish language, and if possible, in Chinese and still in some other foreign language. He wants to make the human race of the world happy as a sort of Messiah, a kind of a Savior. All the nations of the world have to do,

is to read the Croation History and peace for all times will set in in the Universe. But in a nice way or by force, this history must be printed for the account of the treasury of the Croation Fraternal Union's membership."

In the August 2, 1950 issue, the second article was published in the Croation language and its English translation is as follows:

"A few days ago the secretary of Lodge No. 351 of the Croation Fraternal Union, received a package, which was typed on four different machines and corrected by hand, and represents a 'Complaint, Appeal, Manifesto, Extracts from the Croation History, etc.', but more than anything. else, the low-down soul of a man who, as he himself brags, studied in seven universities and taught in ten, and today is without any job, and he presses by all means that the Union give him a steady job until his death so that he can write the Croation History in the English language.

"This package, manifesto, appeal, or what have you, is a package of twenty two pages of various kinds of 'type' and is teeming with ugly words, of which even a mule driver would be ashamed if he had some training in the elementary grade school, and has learned at least, to some extent that he should refrain from vulgar expressions and insults."

authors of the two articles. The defendants have filed a motion to dismiss the complaint on the ground that it does not state a cause of action. The defendants argue that the publications are not libellous, that they are not libellous per se and that they are privileged as fair comment. These three questions are to be determined by the law of Pennsylvania since the alleged libellous articles were published in Pittsburgh.

■ Although the defendants argue, first that the publications are not libellous and second that they are not libellous per se, these are in essence one argument since any libel is actionable per se. Bausewine v. Norristown Herald, 1945, 351 Pa. 634, 41 A.2d 736; Collins v. Dispatch Publishing Co., 1893, 152 Pa. 187, 25 A. 546. In McAndrew v. Scranton Republican Pub. Co., 1949, 165 Pa.Super. 276, 67 A.2d 730, 733, the court quoted Section 569 of the Restatement of Torts and Comment c thereof with approval. Section 569 provides as follows: " 'One who falsely, and without a privilege to do so, publishes matter defamatory to another in such a manner as to make the publication a libel is liable to the other although no special harm or loss of reputation results therefrom.' "

■ In Comment c, it is stated that "The publication of any libel is actionable per se, that is irrespective of whether any special harm has been caused to the plaintiff's reputation or otherwise." Although this case was subsequently reversed by the Supreme Court of Pennsylvania, 1950, 364 Pa. 504, 72 A.2d 780, the statement of the law in this regard was not challenged. Therefore, the fact that the plaintiff in this action does not allege any special harm can only affect the extent of his recovery and not his right to recover.

The question therefore becomes one of determining whether the publications here involved were libellous. In McAndrew v. Scranton Republican Pub. Co., 1950, 364 Pa. 504, 72 A.2d 780, 781, the Supreme Court of Pennsylvania stated the test as follows: "Was the publication complained of capable of a defamatory meaning?" In answering this question, the court seemed to adopt the test of whether the article reflects upon the character of the person at whom it is

directed in such a manner as to bring him into public ridicule, hatred or contempt. In addition, the court held that statements are not defamatory merely because they are annoying and embarrassing to the person to whom they are attributed. Section 559 of the Restatement of Torts describes the test as follows: "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."

■ Under either of the tests indicated, we are of the opinion that the publications here involved are capable of a defamatory meaning. These articles attack the capabilities of the plaintiff as an author and historian, attack his motives in writing the Croation History, and accuse him of efforts to force the Croation Fraternal Union to pay for its publication. In addition, the articles contain several instances of personal vilification of the plaintiff. It seems to us that the articles here involved are such as to subject the plaintiff to public ridicule of his ability as an author and historian and public contempt of his motives in writing the Croation History. Certainly, they are calculated to lower him in the estimation of the community and to deter third persons from associating with him. These articles can cause more than mere embarrassment or annoyance.

■ Finally, the defendants argue that the publications are privileged as fair comment, stating that they are fair criticism of the Croation History which the plaintiff is writing. This argument has no merit for two reasons. First, it is apparent that the criticism in the articles does not purport to be a criticism of the History but rather is directed at the motives of the plaintiff in writing the History. Secondly, and more important, the question of whether these articles were privileged as fair comment is a matter not properly before the Court at this time, but is a matter of defense to be pleaded. To qualify as fair comment a publication must have been upon a proper occasion, from a proper motive, in a proper manner and must have been based upon reasonable or probable cause. Bausewine v. Norristown Herald, supra. The defend-

ant has the burden of proving that the publications were so privileged. McAndrew v. Scranton Republican Pub. Co., 1950, 364 Pa. 504, 72 A.2d 780; Montgomery v. Dennison, 1949, 363 Pa. 255, 69 A.2d 520. In both of these cases, the Supreme Court quoted Section 613(2) of the Restatement of Torts and Comment f thereof with approval. Section 613(2), in part, provides:

"(2) In an action for defamation the defendant has the burden of proving, when the issue is properly raised,

"(a) the truth of the defamatory communication,

"(b) the privileged character of the occasion on which it was published,

"(c) * * *."

Comment f of Section 613 reads, in part, as follows: "If the defendant relies upon the defense of absolute privilege, he has the burden of proving it. * * * If he relies upon the defense that the communication was published upon a conditionally privileged occasion, he likewise has the burden of proving it."

It is the opinion of this Court that the complaint does state a cause of action in libel. The defendants' motion to dismiss the complaint is denied.