## Mumma v. Pomeroy's, Inc.

*William T. Smith, Esq.,* for plaintiff.

*M. Clyde Sheaffer, James H. Stewart, Jr., Nauman, Smith, Shissler & Hall,* for defendants.

SHELLEY, J., October 11, 1965.—This matter is before the court on defendants' preliminary objections in the form of demurrer to plaintiff's complaint. Plaintiff seeks damages from defendants for an alleged libel. Defendant corporation, Pomeroy's, Inc., is en-

gaged in the business of operating a department store in the city of Harrisburg, and defendant corporation, The Patriot-News Co., is engaged in the business of publishing newspapers which have a wide circulation in central Pennsylvania.

On or about June 19, 1961, Pomeroy's prepared advertising copy which was subsequently published in the newspapers of The Patriot-News Co. The advertisement referred to a sale by Pomeroy's, Inc. of "Slip-Over Furniture Covers". The advertisement contained, among other material, the following words:

"Repeat of a

Fabulous sell-out!

revolutionary new idea . . .

S-T-R-E-T-C-H

to fit most any size sofa or chair!

except Elsie Mumma's [1]

'Slip-Over' FURNITURE COVERS

slips over in a jiffy! . . . gives

a snug slipcover look!

For All Chair Styles . . ."

Plaintiff avers that the advertising was intended "to injure the plaintiff and to deprive her of her good name, credit and reputation", and that the advertisement "was false, scandalous, malicious, defamatory, and libelous"; that the advertisement was intended "to hold the plaintiff in scorn and ridicule by the subscribers and readers of said newspapers"; and that the publication of the advertisement was "an invasion of plaintiff's privacy". She seeks compensatory and punitive damages in an amount in excess of $5,000.[2]

---

[1] The words "except Elsie Mumma's" appear in very minute size type.

[2] The concluding paragraph of the complaint reads as follows:

"10. By reason of this libel, brought about by the joint efforts of Pomeroy's, Inc., and The Patriot-News Co., defendants, plaintiff has been brought into reproach, said statement having been widely pub-

Defendants' demurrer raises three objections to the complaint:—(1) that the language does not constitute libel per se; (2) that no innuendo has been pleaded; and (3) that neither the publication averred nor the damages alleged is sufficient to state a cause of action for defamation because of plaintiff's failure to allege special damages.

Preliminary objections in the nature of a demurrer admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions or averments of law: Clark v. Allen, 415 Pa. 484, 486 (1964).

A libel is a malicious publication, expressed either in printing or writing, or by signs and pictures, which tends to blacken a person's reputation and expose him to public hatred, contempt, or ridicule, or injure him in his business, trade or profession: Bogash v. Elkins, 405 Pa. 437, 439 (1962). Words are not defamatory merely because they are annoying and embarrassing to the person to whom they are attributed: McAndrew v. Scranton Republican Publishing Company, 364 Pa. 504 (1950). A communication is defamatory only if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him: Birl v. Philadelphia Electric Co., 402 Pa. 297 (1961).

In general, defamatory words may be divided into two classes; those which are actionable per se, that is, which on their face and without the aid of extrinsic proof are recognized as injurious, and those which are actionable per quod, that is, are actionable in consequence of extrinsic facts showing circumstances under

---

lished in and about the entire area covered by the publications, being all of central Pennsylvania, and plaintiff has suffered in character and in feelings for which she claims compensatory damages and punitive damages in an amount in excess of Five Thousand ($5,000.00) Dollars".

which they were said or the damages resulting to the slandered party therefrom.

In a defamation case it is the function of the court in the first instance to determine whether or not the communication complained of is capable of a defamatory meaning: Volomino v. Messenger Publishing Company, 410 Pa. 611 (1963); Birl v. Philadelphia Electric Company, supra, and in making this determination the alleged defamatory language must be construed as a whole: Commonwealth v. Swallow, 8 Pa. Superior Ct. 539 (1898).

Defamatory words to be generally actionable per se must (1) impute the commission of a crime involving moral turpitude for which the party might be indicted and punished, such as wife beating, Drebin v. Jewish World Publishing Company, 262 Pa. 169 (1918); arson to defraud an insurance company, Davis v. Carey, 141 Pa. 314 (1891); the keeping of a disorderly house, Conroy v. Pittsburgh Times, 139 Pa. 334 (1891); forgery, Garvin v. Mercur, 68 Pa. Superior Ct. (1917); larceny, Williams v. Kroger Grocery & Baking Company, 337 Pa. 17 (1940); receiving stolen goods, Williams v. Kroger Grocery & Baking Company, supra; perjury, McGaw v. Hamilton, 184 Pa. 108 (1898); the violation of food laws, Leitz v. Hohman, 16 Pa. Superior Ct. 276 (1901); sexual crimes or want of chastity, Burke v. Keppel, 49 Pa. Superior Ct. 590 (1912); and adultery, Collins v. Dispatch Publishing Co., 152 Pa. 187 (1893); (2) tend to injure one in his profession, trade or business or in his office or employment, such as an attorney at law, Wallace v. Jameson, et al., 179 Pa. 98 (1897); a clergyman, Waage v. Weiser, 5 Wharton 306 (1839); a detective, Holland v. Flick, 212 Pa. 201 (1905); a policeman, Bausewine v. Norristown Herald, Inc., 351 Pa. 634 (1945); a physician, Bryant v. The Pittsburgh Times, 192 Pa. 585 (1899); a teacher, Price v.

Conway, 134 Pa. 340 (1890); a merchant or trader, McIntyre v. Weinert, 195 Pa. 52 (1900); a farmer, Phillips v. Hoefer, 1 Pa. 62 (1845); a newspaper dealer, Will, Trading as National News Co. v. Press Publishing Co., 309 Pa. 539 (1932); a public official, Fegley v. Morthimer, 204 Pa. Superior Ct. 54 (1964); and an author, Preveden v. Croation Fraternal Union of America, 98 F. Supp. 784 (1951); and (3) impute unfitness for or misconduct in public office, Sweeney v. Philadelphia Record Co., 126 F. 2d 53 (1942).

The words "except Elsie Mumma's", in our opinion, do not come within the class of defamatory words which would constitute a libel per se.

We now come to a consideration as to whether or not the advertisement was libelous per quod. In a libel per quod an explanation on the part of plaintiff is necessary to explain how the statement is defamatory to her, Volomino v. Messenger Publishing Company, supra, i.e. the specific interpretation put upon printed words by plaintiff is pleaded by an innuendo.

The purpose of an innuendo is to define the defamatory meaning which plaintiff attaches to the words in the publication to show how they come to have that meaning and how they relate to plaintiff, Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314 (1962); Sarkees v. Warner-West Corporation, 349 Pa. 365 (1944).

Plaintiff alleges in paragraph 6 of the complaint that the publication was intended to hold plaintiff in scorn and ridicule, but the complaint nowhere alleges what scorn or what ridicule can be drawn from inferences out of the language as it appeared in the advertisement and, thus, plaintiff has failed to plead this essential ingredient of such cause of action as plaintiff may have for libel per quod. It would be impossible to defend in a libel action per quod unless plaintiff avers the necessary specific interpretation put

upon the words of defendant. There is no innuendo pleaded in the complaint and this, in our opinion, makes it defective.

We have determined that the words "except Elsie Mumma's" are not libelous per se, in which event the complaint must aver special damages: Bogash v. Elkins, supra; McDonald v. Lee, 246 Pa. 253 (1914). This plaintiff has not done. (See footnote 2).

Under all of the circumstances we conclude that the demurrer must be sustained. Accordingly, we make the following

ORDER

And now, October 11, 1965, the demurrer is sustained with leave to plaintiff to file an amended complaint within 20 days from the date hereof.

Judge Bowman did not participate in the determination or disposition of this case.