# Weaver, Appellant, *v.* Phillips.

*Libel—Newspapers—Nonactionable words—Want of special damage—Nonsuit.*

1. A newspaper article that merely reflects upon the condition of morals as not forbidding voters from accepting money in connection with politics even for purposes expressly authorized by law, and that alleges that the plaintiff received an appointment to office as a reward for political activity which resulted in the defeat of his own brother, is not libelous per se.

2. Where, in an action of trespass for libel, the article complained of is not libelous per se, and there is no allegation of special damages in the pleadings nor any proof of such at the trial, a nonsuit is proper.

Argued Feb. 13, 1911.  Appeal, No. 250, Jan. T., 1911, by plaintiff, from judgment of C. P. Lycoming Co., Dec. Term, 1908, No. 216, directing nonsuit in case of Byron A. Weaver v. H. G. Phillips.  Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Trespass for libel.

At the close of plaintiff's case, the defendant offered the following motion which was granted:

And now, October 8, 1909, before offering any evidence on behalf of the defendant, counsel for the defendant move the court for a compulsory nonsuit for the reason that the article declared on is not libelous per se and there is no allegation of special damage.

HART, P. J., in refusing to take off the nonsuit, filed the following opinion:

This is a motion to take off nonsuit entered at the close of the plaintiff's testimony in an action of trespass for libel.

The defendant was and is the publisher of a newspaper published in the borough of Montoursville, in this county, called "The Republic."

The plaintiff was, at the time of the publication complained of, postmaster and a citizen and voter in that borough.

On October 26, 1908, the defendant published in "The Republic" the article declared upon and complained of which is as follows:

### "THE SAME OLD STORY.

"Who was surprised at the local names appearing in that list of disseminators printed in 'The Sun' this evening. One familiar with the operations of the Boss, and his suckers, guessed all the names before they were made public. It is not to be believed that all the fellows got money. In some cases, it is believed, the money went to somebody else and the other fellow's name appears. In brief, there is nothing new or surprising so far as local conditions are concerned. Things have been equally as bad within our borough ever since the Boss was made postmaster as a fitting reward for defeating his brother who was the regular Republican nominee for Sheriff. When treason is rewarded instead of punished, conditions soon become too bad for comparison."

The article referred to, as published in "The Sun," is fully set forth in the plaintiff's declaration and shows that the name of Byron A. Weaver, plaintiff, does not appear in the list of disseminators referred to in the publication complained of, nor does the article complained of state that it does.

It is complained by way of innuendo in the plaintiff's declaration that the words imply that the plaintiff has corruptly solicited and received money from one Elias Deemer, a candidate for congress, for the purpose of corruptly and unlawfully influencing his own vote and the votes of others at the primary election. And it claimed further by way of innuendo that the article complained of

means that the plaintiff had agreed to receive from some one unknown the office of postmaster as a reward for his vote and influence against his brother George W. Weaver, when a candidate for sheriff of Lycoming county.   It does not seem to us that either of these inferences can legitimately be drawn from the publication complained of.

It would be placing an undue restraint upon the public press to prohibit publication of the statements filed by candidates for office showing their expenditures as required by law, as one of the manifest purposes of the act requiring it, is publication, and there is nothing in the article complained of that goes further than to reflect upon the condition of morals that does not forbid the voter from accepting money in connection with politics even though received for purposes expressly authorized by law.   The inference cannot be legitimately drawn from the article that the plaintiff received money to influence his vote or the vote of anyone else.

The innuendo relating to his receiving the appointment of postmaster as a reward for opposing his brother for sheriff is, if anything, still further remote and unwarranted.   It is not and never has been considered a reflection upon a voter to receive an appointment to office as a reward for political activity, even though such activity might result in the defeat of a brother.   No law forbids or prohibits it.

It might be some evidence of an unnatural estrangement, but such is not a crime nor does it involve moral turpitude. The article does not say nor can any such inference be drawn therefrom that the plaintiff opposed his brother and voted against him by reason of a promise that he should receive as a compensation therefor the appointment of postmaster.   This would be charging him with an offense which is made a misdemeanor.   No such charge is made by the defendant, and there is therefore nothing in the publication that can be construed so as to warrant or support the innuendo declared upon.

In Pittsburg, Allegheny & Manchester Passenger Rail-

way Co. v. McCurdy, 114 Pa. 554, Justice CLARK says: "Words, it is true, are not construed in mitiori sensu, it is sufficient if in their plain or popular meaning they are libelous, but when they do not in themselves convey the meaning imputed to them in the innuendo, or where they are ambiguous or equivocal, there must be, not only in the pleadings but also in the proofs reference to some extrinsic matter which will show the sense in which they were understood."

In Price v. Conway, 134 Pa. 340, Justice McCOLLOM says: "An innuendo cannot introduce new matter, or enlarge the natural meaning of words, or put upon them a construction they will not bear."

There is no allegation of special damages in the pleadings nor is there any proof of such.

"Special damages are such as the law will not infer from the nature of the words themselves. They must therefore be specially claimed in the pleadings, and evidence of them must be given at the trial:" Ripple v. Little, 5 Lack. Jurist, 193; 13 Am. & Eng. Ency. of Law (1st ed.), 434.

We are satisfied after a careful examination of the evidence and the law applicable thereto that we would not have been justified in refusing the defendant's motion for nonsuit.

And now, February 19, 1910, motion to take off compulsory nonsuit is overruled.

*Error assigned* was in granting nonsuit.

*John E. Cupp* and *Mortimer C. Rhone,* for appellant.

*Seth T. McCormick* and *Seth T. McCormick, Jr.,* for appellee.

PER CURIAM, April 10, 1911:

The judgment is affirmed on the opinion of the learned judge of the common pleas.