# McDonald, Appellant, *v.* Lee.

*Libel—Court and jury—Privileged communication—Malice—Special damage—Physician's list showing credit of patients—Directed verdict for defendant.*

1. It is the duty of the court to determine whether words used are libelous per se. If they are not, then in the absence of an averment of special damage, binding instructions are proper.

2. In an action against a physician to recover damages for an alleged libel, the court did not err in giving binding instructions for the defendant where it appeared that the defendant belonged to an association of physicians which prepared for the exclusive use of its members a list of the names of patients who were slow in making payments; that defendant caused plaintiff's name to be placed upon such list; that the list was printed, with the numbers of the physicians who furnished the respective names, that there was nothing upon the face of the publication to indicate its purpose, and no one but a member could understand its meaning; that there was no understanding that professional services should be refused to those whose names appeared on the list; and in plaintiff's statement of claim there was no averment of any special damage to plaintiff resulting from the publication, nor was there any proof of such damage, or of any malice in causing the list to be published.

Argued April 28, 1914. Appeal, No. 364, Jan. T., 1913, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1912, No. 374, on directed verdict for defendant in case of Thomas McDonald v. Hildegarde Langsdorf

Lee.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass for libel.   Before SADLER, P. J.
The facts appear in the opinion of the Supreme Court.
The trial judge directed a verdict for the defendant. Plaintiff appealed.

*Error assigned,* among others, was the charge of the court.

*E. M. Biddle, Jr.,* with him *F. B. Sellers, Jr.,* for appellant.

*Conrad Hambleton,* with him *S. B. Sadler,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:
This was an action of trespass in which the plaintiff sought to recover damages for an alleged libel.   It appears from the record, that a number of physicians in Carlisle determined to prepare for their own use a list of the names of patients who were slow in making payment for medical services rendered to them.   The information was for the benefit of the members only, of the Medical Association, and there was no understanding between them, that professional services should be refused to those whose names appeared upon the list.   The defendant was a member of this association, and she furnished to the secretary, among other names of persons whom she regarded as able to pay, but who were slow in making payment for services, the name of the plaintiff.   The list of names thus reported as slow pay, was printed by the association, with the number of the physician who furnished the name, added.   There was nothing upon the face of the publication to indicate its purpose, and no one but a member could understand its meaning.   The publication was considered confidential,

and was limited to the members of the Medical Association. In plaintiff's statement of claim there was no averment of any special damage to plaintiff resulting from the publication, nor was there any proof of such damage. Upon the trial, at the close of the testimony, the trial judge, gave binding instructions in favor of the defendant, upon the ground that the communication was a privileged one, and there was no evidence of malice, nor was any special damage shown. The alleged libel was a communication made in confidence to, and for the exclusive use of the members of the Carlisle Medical Club. It had reference only to the manner in which plaintiff made payment for services rendered. It does not appear that by reason of the report credit was refused to plaintiff, or that any member of the association refused to serve him in a professional way. It was the duty of the court to determine whether or not the words used were libelous per se. If they were not then in the absence of averment of special damage, binding instructions were proper. We can see no sufficient ground for holding the publication to be libelous per se. If it became actionable by reason of some special damage occasioned thereby, that fact should have been alleged in the declaration, and proof thereof should have been offered upon the trial. It was shown that the words here used with respect to the plaintiff did not go beyond imputing to him slowness in the payment of his bills, and under the evidence it can hardly be claimed that he was prompt in the discharge of that duty. The accusation was not so serious in its character, as to be fairly regarded as in itself libelous, and if any injury was occasioned to plaintiff thereby, it does not appear from the testimony. The good faith of the defendant in making the communication was not questioned. She had an interest in the subject matter, and the communication was made to persons having a corresponding interest in the subject. In none of the assignments of error do we find anything

of substantial merit, or that would warrant a reversal of the judgment.

The assignments are all overruled, and the judgment of the court below is affirmed.