## Pritchard, Appellant, *v.* Wenger.

*Libel—Writing not libellous per se—Special damages not shown —Malice not shown—Privileged communication—Letter by secretary relating to conduct of president of corporation—Nonsuit.*

1. In an action for libel where the writing on which the suit is based, is not libellous per se, and no special damages are pleaded or proved, and no malice shown, a nonsuit is properly entered.

2. Where the president of a corporation casts the deciding vote at a directors' meeting in favor of a contract increasing his salary as manager, and thereafter draws the increase until he is dismissed as manager, a letter written by the secretary of the company to two directors in which he comments on the tenacity with which the president holds on to "the amount abstracted from the company," but without making any charge of theft or embezzlement, is not libellous per se. The use of the word "abstract," when read with its context, simply means obtained through the contract, the adoption of which the secretary attacked.

3. Such a letter is a privileged communication, where it appears that it was written after the president had been ousted, and an attempt was being made to oust the secretary himself; and where it was written with an apparent full belief in the truth of the very general statements contained therein, by one immediately concerned with the subject-matter in hand, to others with a community of interest, for purposes of their common protection.

Argued May 17, 1920. Appeal, No. 297, Jan. T., 1920, by plaintiff, from order of C. P. Lancaster Co., Feb. T.,

1919, No. 18, refusing to take off nonsuit in case of William C. Pritchard v. D. M. Wenger. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for libel. Before LANDIS, P. J.

The writing upon which the suit was based, is a letter addressed by defendant to two of the directors of the National Store Specialty Company and is as follows:

"Address all communications to the firm and not to individuals. The National Store Specialty Company M'f'r's of the Pennsylvania Line of Computing Scales Oil and Gasoline Storage Systems and Store Specialties. [The preceding lines constitute the printed letterhead.]

"Bareville, Pa., Dec. 20, 1918,
"Lancaster, Pa.

"Messrs. Martin Sheaffer and Hershey Groff, Bareville, Pa.:

"Gentlemen:

"I am addressing both of you on this matter because you seem to be the leading figures among your associates who are yet undecided as to the veracity of certain claims against the crafty artist, designer and intriguer.

"I understand that at your meeting yesterday you concluded that if you could see a certain letter claimed to be held by Mr. Still, you would be able to make a definite and positive decision.

"In this connection I wish to state that I asked Mr. Still for the letter during November and he claims he is unable to locate same after hunting for it for some time. He censured me that my petition compelled him to look through his old letter files in a cold place and that he contracted a cold while doing this for me. Now, I feel a little timid to ask him again but will write him to-day as I want you, gentlemen, as we are, satisfied that we are dealing with a stiff proposition and all must pull together.

"It appears to me that the manner in which the contract came into existence, its provisions and the tenacity with which the beneficiary holds to the amount abstracted from this Company, together with one affidavit we already have and such others we can get from myself, Messrs. Nation, Bowman and Finch, should be sufficient evidence to corroborate our claims.

"Gentlemen, it is quite evident that we reach a positive decision soon. As the matter now stands we are divided. Unity is of utmost importance right now. We, who are temporarily directing the affairs of this company, are becoming discouraged. We do not know where we stand as the support is divided by giving credence to some of the intriguer's contentions. We must be out and out for one or the other. No half-way attitude will do. Our efficiency in this work cannot be of a high grade as long as we are compelled to work under the mental strain that we may after all perform our work in vain and only suffer defeat in the end for intervening in your behalf.

"If you yet feel to suggest that I resign, please let me know definitely before Xmas. If I will not hear from you, I will then resign as secretary, treasurer and director to take up a position to which the door is open at any time and where, I am quite sure, the associates will be of greater unity and the atmosphere more congenial.

"Please let me know and oblige,

"Yours very truly,

"[Signed] D. M. Wenger."

The opinion of the Supreme Court states the further facts.

The trial judge entered a compulsory nonsuit, which the court in banc refused to take off. Plaintiff appealed.

*Errors assigned* were: (1) ruling that alleged libellous letter is privileged communication, (2) refusal to strike off nonsuit, (3) rulings on evidence (none of the latter being referred to in appellant's statement of questions

involved, they are treated by the Supreme Court as abandoned).

*B. F. Davis,* for appellant.—If a libel is so worded that it may naturally or probably be taken to refer to the plaintiff, it is actionable by him though he is not named, or even is called by a different name: Clark v. North American Co., 203 Pa. 346; Price v. Conway, 134 Pa. 340.

The language in this case is libellous per se because it attacked the character of the man who was president and manager of the company: Wood v. Boyle, 177 Pa. 620; Wallace v. Jameson, 179 Pa. 98.

Written or printed matter may be libellous without charging a crime: Beck v. Stitzel, 21 Pa. 522; Meas v. Johnson, 185 Pa. 12.

The letter was not privileged: Briggs v. Garrett, 111 Pa. 404; Barr v. Moore, 87 Pa. 385.

*John E. Malone,* with him *S. Z. Moore,* for appellee.— When a publication is not directly defamatory of any person, the pleadings must indicate its meaning and to whom it refers: Com. v. Swallow, 8 Pa. Superior Ct. 539; Pittsburgh, Allegheny & Manchester Pass. Ry. v. McCurdy, 114 Pa. 554.

As the letter was not libellous per se, before there could be a recovery, appellant would have had to set forth in his statement a claim for special damages: Weaver v. Phillips, 231 Pa. 325.

OPINION BY MR. JUSTICE MOSCHZISKER, June 26, 1920:

In this action, to recover damages for libel, a nonsuit was entered, which the court below refused to remove; plaintiff has appealed.

William C. Pritchard, appellant, was the president and manager of the National Store Specialty Company, a corporation located at Bareville, Pa.; D. M. Wenger,

defendant, was the secretary and treasurer; both were directors.

In February, 1918, plaintiff drew up a contract, the effect of which was to give him additional compensation as manager, above his regular salary. On March 25, 1918, this writing was submitted for adoption to a meeting of the board of directors; but, since the by-laws of the corporation provide that such matters must be approved by a majority of the members present, it was necessary, in order to secure approval, for plaintiff himself to vote in favor of the contract, which he did.

Differences of opinion, as to the propriety of the action of the board, arose among the stockholders, culminating in a meeting of the latter, on November 16, 1918, when the contract was unanimously rejected by those present. Plaintiff was removed from his office of manager, and, November 27, 1918, resigned as president of the company. Up to the time of his dismissal as manager, he drew, under the rejected contract, $1,190.48 in excess of the amount to which he was entitled according to the terms of his previous agreement.

An attempt was made by plaintiff and other stockholders to remove defendant as secretary and treasurer; but this failed. The disagreement among the shareholders continued, and, in December, 1918, at a meeting of certain of them, defendant not being present, some reference was made to a letter on the situation, alleged to be possessed by a Mr. Still; one of those in attendance was authorized to see defendant and have him, if possible, obtain the desired epistle. Defendant, later, being unable to get the document, wrote two of the stockholders, who had attended the meeting, the communication plaintiff now alleges as libellous, which is fully printed in the reporter's notes.

It is plain the word "abstracted," used in the alleged libel, when read with its context, simply means obtained through the contract, the adoption of which defendant attacked—and nothing more. The letter charges

neither theft nor embezzlement; it is not libellous per se, and no special damages were pleaded or proved, nor was malice shown.

Finally, the ground stated by the court below in refusing to remove the nonsuit—that the writing is a privileged communication—is well taken. The gathering of stockholders, which (in the words of one of plaintiff's witnesses) "gave rise to the letter," had met to consider the "difficulty between Mr. Pritchard [plaintiff] and Mr. Wenger [defendant]" that was injuriously affecting their company, and, incidentally, to discuss pending efforts, connected therewith, to "get Mr. Wenger out as secretary." Certainly, under these circumstances, the communication now complained of—being written, with an apparent full belief in the truth of the very general statements contained therein, by one immediately concerned with the subject-matter in hand, to others with a community of interest, for purposes of their common protection—was properly classed by the court below as privileged, which of itself is sufficient to support the nonsuit.

We have considered all matters raised by the assignments of error and referred to in the statement of questions involved, material to a determination of the present appeal, and find no reversible error.

The judgment is affirmed.