## Bush v. Southwark National Bank.

*Banks and banking—Liability for dishonoring depositor's check—Actual damage—Act of June 12, 1919—Constitution, art. iii, sect. 21.*

1. Under the Act of June 12, 1919, P. L. 453, a depositor in an action against his bank for dishonoring his check can recover only actual damage.

2. The fact that plaintiff lost credit with certain firms by reason of the non-payment of his checks by defendant and thereafter had to pay cash for each purchase, does not prove that he sustained actual damage.

3. The act is not in conflict with art. iii, § 21 of the Constitution, forbidding the general assembly to limit the amount to be recovered for injuries to property.

*New trial to enable plaintiff to recover nominal damages.*

4. A new trial will not be granted to permit the plaintiff to recover nominal damages where such a judgment is not necessary to establish a right.

Motion for new trial. C. P. No. 1, Phila. Co., June T., 1924, No. 6685.

*David S. Malis*, for motion; *William S. Furst*, contra.

TAULANE, J., June 12, 1926.—This matter is before the court on the plaintiff's motion for a new trial. The plaintiff conducts a small provision store. He had a deposit account in the defendant bank, with a balance always sufficient to pay his checks. He had credit to the end of the week for purchases during the week with some firms from whom he purchased goods. He drew some eleven checks on his account with the defendant in amounts as small as $4.40 and as large as $28, several of which he gave to the firms with whom he had credit. The eleven checks were dishonored by the defendant due to its mistake.

The plaintiff testified, though contradicted by the defendant, that he lost his credit with the firms to whom he gave the checks which were dishonored, and was thereafter obliged to pay them cash. He showed no other injury or loss.

The trial judge refused to charge, as requested by the plaintiff, that plaintiff was entitled to recover substantial damages, but instructed the jury that the Act of June 12, 1919, P. L. 453, limited the plaintiff's recovery to actual damages, and submitted to the jury the question whether the plaintiff had suffered any actual damage, reserving for future consideration the point whether there was any evidence of actual damage.

The verdict was for the defendant and the plaintiff has moved for a new trial.

Prior to the Act of 1919 the law was well settled that a depositor could recover substantial damages for the mere failure to pay his check without proof of actual loss: Patterson *v.* Marine National Bank, 130 Pa. 419, and Weiner *v.* North Penn Bank, 65 Pa. Superior Ct. 290.

Injury to the depositor's credit was inferred by the law without proof in the same way as the law infers injury to a person who is slandered by being called a thief. Thus, in First National Bank of Forrest City *v.* McFall, 222 S. W. Repr. (Ark.), 40, 41, the court said: "One reason for the rule allowing a merchant or trader temperate or reasonable damages for the wrongful dishonor of his check on mere proof of his character of business is because it is almost impossible to prove special injury or damage. . . . The wrongful dishonor of a merchant's or trader's check is a slander on his business. The foundation of his business is the credit which is injured *per se* by the dishonor of his paper. So this character of case is akin to and comes within the category of slander suits in which general damages are allowed as a matter of course without proof of special damages."

The question for decision is whether, and in what respect, the act has changed the law. The act is as follows: "That no bank, trust company or banker shall be liable to a depositor because of the non-payment, through mistake or error and without malice, of a check which should have been paid, unless the depositor shall allege and prove actual damage by reason of such non-payment, and, in such event, the liability shall not exceed the amount of damage so proved."

The plaintiff contends that, as the law inferred actual damage from the mere refusal of a bank to pay a depositor's check, the words "actual damage" in the act mean no more than actual damage as understood before the passage of the act. If this contention be correct, there was no reason for the passage of the act.

We are quite clear that the purpose of the act is to do away with the presumption of damage arising from the mere non-payment of a depositor's check, and to limit recovery to such actual loss or injury as the depositor may be able to show; and this is emphasized by the closing provision of the act that "the liability shall not exceed the amount of the damage so proved."

The requirement of proof of actual damage is familiar to us in actions of libel where the publication is not libelous *per se*, and in such cases the plaintiff is not entitled to recover unless he proves actual or special damages: Pritchard v. Wenger, 268 Pa. 114, and Weaver v. Phillips, 231 Pa. 325. We think the words "actual damage" in the act are used in the same sense as the words "actual damage" in actions of slander and libel. The policy of the act is open to question; it may encourage banks to be less vigilant in honoring depositor's checks; and, what is more serious, recovery can be seldom had, because in most cases proof of actual damage is impossible. No doubt, needlessly excessive verdicts in some cases against banks led to the passage of the act, and acts substantially similar to the Act of 1919 have been enacted in some twenty states: 2 Paton's Digest of Banking Cases, 1371.

Did the plaintiff prove any actual damage? When the plaintiff was deprived of credit with the firms from whom he purchased he was obliged thereafter to pay cash for each purchase, which he did. This caused the plaintiff no actual loss or damage; at most, it was only an inconvenience: State Bank v. Marshall, 163 Ark. 566. We are obliged to hold, therefore, that there is no proof of actual damage.

The plaintiff brought his suit in *assumpsit* and alleged the defendant's violation of its contract to honor his checks. He proved the defendant violated its contract and nothing more. Ordinarily, in such a case, the plaintiff would be entitled to nominal damages, but the Act of 1919 limits recovery to actual damage. Moreover, a new trial should not be granted to permit the plaintiff to recover nominal damages where such a judgment is not necessary to establish a right of the plaintiff, such as title to real estate, and the question of costs can be provided for at this time.

Counsel for the plaintiff in a very able and ingenious brief contends that the Act of 1919 is unconstitutional because it violates section 21, article III, of the Constitution, which provides: "No act of the general assembly shall limit the amount to be recovered for injuries resulting in death or for injuries to persons or property; and, in case of death from such injuries, the right of action shall survive, and the general assembly shall prescribe for whose benefit such actions shall be prosecuted."

Injuries to persons and property referred to in the constitutional provision are injuries arising out of the violation of some right or duty conferred or imposed by law independently of contract. In the case at bar, the duty of

the defendant to pay the plaintiff's checks arose out of contract; without a contractual relation, defendant would have owed no such duty to the plaintiff. Ordinarily, the legislature has no power to interfere with or regulate private contracts of individuals (Adinolfi v. Hazlett, 242 Pa. 25), but it is now settled beyond question that the business of banking involves matters of public concern, and banks are subject to public regulation: Title Guaranty and Surety Co. v. State of Idaho, 240 U. S. 136. We have no doubt that the legislature has ample authority to define the liability of a bank to its depositor for negligence in refusing to pay his check.

If the plaintiff's rights were not created by contract, there would be some force in his contention that the Act of 1919 is unconstitutional in attempting to deprive him of his right to recover substantial damage without proof of actual damage.

Thus, it would be a serious question whether the legislature could abolish the presumption of damage from the publication of a writing libelous *per se* and require the plaintiff to show actual damage. This question has arisen in several states, where it has been generally held such a statute is unconstitutional: Osborn v. Leach, 135 N. C. 628; Hanson v. Krehbiel, 75 Pac. Repr. (Kan.) 1041; Comer v. Age Herald Publishing Co., 151 Ala. 613. Such a law would practically permit one person to destroy the reputation of another with impunity.

And now, to wit, June 12, 1926, plaintiff's rule for a new trial is discharged, without costs to the defendant.