## Shaines v. R. G. Dun & Co.

*Libel—Statement—Special damages—Falsely and maliciously publishing that suit had been brought against plaintiff for price of goods sold.*

1. A statement in an action of libel for falsely and maliciously publishing that suit had been brought against plaintiff to recover the price of goods sold and delivered, whereby divers persons with whom plaintiff had dealings in his lawful art, trade and business had refused to have further dealings or business with him upon the usual and customary terms, and others had refused to sell goods to him, causing him great inconvenience and financial loss, is bad on demurrer, as it avers only general damages and such a publication is not libelous *per se*.

2. Special damages are damages capable of being estimated in money, as the actual loss due to the withdrawal of trade by particular customers or to the refusal of credit by specific persons.

Demurrer. C. P. No. 1, Phila. Co., June T. 1926, No. 18804.

*Daniel Gerber*, for plaintiff; *Samuel W. Cooper*, for defendant.

TAULANE, J., Feb. 3, 1927.—This is a demurrer to the statement of claim. The statement alleges that the plaintiff is engaged in the business of buying and selling hats and caps, and that the defendants published a certain writing wherein they falsely and maliciously stated that a suit had been instituted against the plaintiff to recover $500 alleged to be due for goods sold and delivered.

The averments of the statement of claim as to the damages sustained by the plaintiff are as follows: "By reason of said publication and issuance of

said false, scandalous, malicious, defamatory and libelous statement by the said defendant, divers persons with whom the plaintiff had dealings in his lawful art, trade and business refused to have further dealings and business with the plaintiff upon the usual or customary terms, and further divers persons also afterwards refused to sell goods and merchandise to the plaintiff, causing plaintiff great inconvenience and financial loss."

The defendants have demurred on the ground that the statement of claim sets forth no cause of action. We are of the opinion that the demurrer must be sustained.

Any publication is libelous *per se* which falsely impeaches the credit of a merchant or trader by imputing to him failure or refusal to pay his just debts, or which imputes to him financial embarrassment, or dishonesty in the conduct of his business, or which in any other manner is prejudicial to him in the way of his trade: McIntyre v. Weinert, 195 Pa. 52. In such cases, damage is presumed and need not be proved: Price v. Conway, 134 Pa. 340.

There is nothing in the publication in the case at bar which suggests or intimates, or from which any one reading it could infer, that the plaintiff did not pay his just debts, or that he was dishonest, embarrassed or insolvent.

The publication is not libelous *per se:* McDonald v. Lee, 246 Pa. 253.

In Giacona v. Bradstreet Co., 48 La. Annual, 1191, it was held that it was not libelous *per se* to charge a person with having been sued for a debt, and in Allison v. Bradstreet Co., 17 Phila. 348; Woodruff v. Bradstreet Co., 116 N. Y. 217, and Newbold v. Bradstreet & Co., 57 Md. 38, it was held that it was not libelous *per se* to charge a person with having a judgment entered against him for a debt.

In Woodruff v. Bradstreet Co., 116 N. Y. 217, Bradley, J., says: "The recovery of a judgment does not necessarily import conceded default in payment of a debt. It is a matter of frequent observation that controversies, arising apparently out of an honest difference of opinion, go into the courts for determination. Litigation also not infrequently comes from causes in which is involved no personal credit or default. There is nothing in the defendant's report to indicate that the judgment was produced by any cause prejudicial to the credit of the plaintiff, and there is no presumption in that respect upon the subject in aid of the action. There was nothing for the consideration of the jury bearing upon the question whether the publication was libelous; and we think the trial court properly held, as matter of law, that it was not such *per se*."

To recover, the plaintiff must allege and prove special damage: McDonald v. Lee, 246 Pa. 253; Pritchard v. Wenger, 268 Pa. 114; Weaver v. Phillips, 231 Pa. 325; Hygienic Fleeced Underwear Co. v. Way, 35 Pa. Superior Ct. 229, and Ratcliffe v. Evans (1892), 2 Q. B. 524.

"Special damages" ordinarily means actual and concrete damages; damages capable of being estimated in money, and which must be established by specific instances, such as actual loss due to the withdrawal of the trade of particular customers or actual loss due to the refusal of credit by specific persons: Odgers on Pleading and Practice (9th ed.), 210; Saunders on Pleading and Practice, 800; Bush v. Southwark National Bank, 8 D. & C. 27, and Beriac v. Wellhoff, 27 W. N. C. 96.

And the statement of claim must allege such damages with certainty and particularity.

The rule as to special damages is very accurately stated in Odgers on Libel and Slander (5th ed.), 383, as follows: "Special damage must always be explicitly claimed and particulars given in the pleadings. It must be alleged

with certainty and precision. If the plaintiff relies on the loss of particular customers, he must set out their names in the statement of claim. If he relies on a diminution in the profits of his business, he must state in his pleading the fact that he has lost profits, showing by figures how much he alleges he has lost."

The statement of claim alleges nothing more than general damages, though an attempt is made to make the damages special. Allegations of damages in form substantially similar to those in the statement of claim have been invariably held by the courts insufficient as averments of special damages in actions where the publication is not libelous per se: Newbold v. Bradstreet, 57 Md. 38; De Witt v. Scarlett, 113 Md. 47; Reporters' Ass'n v. Sun Printing and Publishing Ass'n, 186 N. Y. 437; King v. Sun Printing and Publishing Ass'n, 84 App. Div. (N. Y.) 310; Fraser on Libel and Slander (3rd ed.), and Newell on Slander and Libel (4th ed.), 841, 845.

A publication, though not libelous per se, may be of such exceptional character that the law would presume damage without proof of actual damage: Ratcliffe v. Evans (1892), 2 Q. B. 524. The publication in the case at bar is not of that character.

If the publication resulted in the plaintiff's loss of customers, or the loss of credit, he would have detailed those things in the statement of claim. It may be the plaintiff was inconvenienced and annoyed in being obliged to explain that the publication was a mistake, but such inconvenience and annoyance do not constitute special damages: Odgers on Libel and Slander (5th ed.), 378; State Bank v. Marshall, 163 Ark. 566, and Bush v. Southwark National Bank, 8 D. & C. 27.

As the plaintiff has already filed an amended statement, and did not ask leave to further amend, judgment should be entered on the demurrer; and this we can do because actions of libel are excepted from the Practice Act of May 14, 1915, P. L. 483.

And now, to wit, Feb. 3, 1927, the demurrer is sustained, and judgment is entered for the defendant. Exception to the plaintiff.