## McDonnell Corp. v. City of Lancaster

*Lehman & Clymer*, for plaintiff.
*Barley, Snyder, Cooper & Barber* and *Blakinger, Grove & Chillas*, for defendant.

PEREZOUS, *J.*, August 25, 1982—This matter is before the court upon the preliminary objections of all defendants to the complaint. The preliminary objections are in the nature of demurrers to both Count 1 and Count 2 of the complaint.

A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleadings: Duffee v. Judson, 251 Pa. Superior Ct. 406, 409 (1977). Moreover,". . . to sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." Schott v. Westinghouse Electric Corp., 36 Pa. 279, 291 (1969).

For purposes of defendants' demurrer, Count 1 of the complaint discloses that on or about January 13, 1981, defendant R. S. Williammee "appeared before the [Board of Health of the City of Lancaster] and falsely and maliciously slandered plaintiff's place of business, Bentley's Pub . . . " Specifically, Williammee "with the assistance of defendant Eby, stated inter alia, that he had found six frozen sections of beef lying out on the floor during a previous inspection of plaintiff's restaurant, that the general condition of the kitchen was unclean, and that if the restaurant continued operating 'something could

happen there that's not good.' " [Complaint paragraph 9] Williammee is identified as the Lancaster City Health Officer and defendant Eby as the Lancaster City Assistant Health Officer. It is also averred that Williammee made these statements with knowledge that a member of the press was present and that the statement was thereafter published in a newspaper of general circulation. As a direct result of Williammee's statements, plaintiff alleges, its business was adversely affected.

Count 2 of the complaint alleges that the city, the Board of Health, and the individual members thereof (the individual defendants except for Williammee and Eby) denied plaintiff its due process rights by failing to give it notice of Williammee's intent to make the statements in question and an opportunity to defend itself at the January 13th meeting.

Defendants' specific preliminary objections may be summarized as follows: (1) Count 1 fails to state a cause of action for slander due to its lack of averring anything amounting to slanderous language on the part of any of defendants; (2) Count 1 fails to set forth a cause of action in slander because it fails to aver that the statements in question were untrue and unjustifiable; (3) Count 1 fails to set forth a cause of action in slander in that the allegedly slanderous material is not "slander per se" and plaintiff has failed to aver circumstances which make such words slanderous; (4) Count 1 of the complaint fails to set forth a cause of action in slander in that the allegedly slanderous words are not actionable per se, thereby requiring plaintiff to plead special damages, which it has failed to do; (5) Count 1 of the complaint fails to set forth a cause of action in slander in that it fails to allege that the statements in question were spoken maliciously, intentionally,

recklessly or without just cause or legal excuse;* (6) Count 2 of the complaint fails to state any cause of action cognizable under the laws of Pennsylvania.

Insofar as defendants' first preliminary objection, we are compelled to sustain the demurrer as to defendant Eby's liability under Count 1 of the complaint in that the complaint merely alleges that Eby "assisted" Williammee in the making of the statement, while the tort of defamation consists of a publication of untrue statements causing the requisite injury to the subject of the statements. See Gaetano v. Sharon Herald Company, 426 Pa. 179 (1967). The only putatively specific act of "assistance" on the part of Eby alleged in the complaint is Eby's participation in the inspection of Bentley's Pub, which is insufficient, in the court's opinion, to set forth the element of "publication" as to Eby.

The basis of defendants' first preliminary objection (except for the lack of allegation as to Eby's

---

*Upon reading the briefs, the court notes the lack of discussion therein with respect to this particular objection. Arguably, this objection states in an indirect way the defense of official tort immunity provided at 42 Pa.C.S.A. §8546, which defendants do specifically discuss in their brief. 42 Pa.C.S.A. §8550 states an exception to the defense of official immunity where the act in question constituted, *inter alia,* actual malice or wilful misconduct. In that defendants did not specifically raise the official immunity defense in their preliminary objections, they concede in their brief in reply to plaintiff's brief that that issue is not properly before the court at this time. Notwithstanding this, however, the court notes that the complaint does allege that defendant Williammee acted "maliciously" in giving the statements in question, which allegation, in the court's opinion, is sufficient to forego the dismissal of plaintiff's complaint based upon the defense of official immunity if we were to deem that issue properly before the court at this time.

publishing any statements, which was considered and disposed of above) is that paragraph 9 of the complaint alleges statements lacking either specificity or intrinsic meaning to the extent required to enable the court, under the applicable legal principles, to discern a defamatory character in those statements.

Defendants claim that Williammee's first two statements as set forth in the complaint are not of the requisite specificity in that they are not presented as exact quotations of what he allegedly said. In support of this line of reasoning, defendants cite Volomino v. Messenger Publishing Co., 410 Pa. 611, 189 A. 2d 873 (1963), and three common pleas cases, Williams v. Zayre Department Store, 59 Luzerne 41 (1968), Dodge Truck Center, Inc. v. International Harvester Co., 77 Lackawanna 141 (1976), and Deibler v. Thrift Drug Co. of Penna., 34 D. & C. 2d 209 (1964). Williammee is alleged to have "stated that he had found six frozen sections of beef lying out on the floor during a previous inspection of plaintiff's restaurant, that the general condition of the kitchen was unclean, and that if the restaurant continued operating 'something could happen there that's not good.' "

Volomino stands for the proposition that a court must be able to discern from the pleadings if the words were defamatory or capable of a defamatory meaning: Volomino, Id., at 613. The common pleas cases, specifically Dodge Truck Center, Inc. and Deibler contain language setting forth the requirement that the exact words be pleaded: Dodge Truck Center, Inc., Id., at 146; Deibler, Id., at 216. The logical basis for this requirement is not difficult to comprehend—since the actionable conduct of the tort of slander is an utterance itself, that utterance must be pleaded with particularity to conform to

the requirement of Pa.R.C.P. 1019(a) requiring that all material facts on which a cause of action is based to be stated in a concise and summary form. A reading of the cases, however, does not elicit the conclusion that they would require the use of quotation marks. Rather, they require, in this court's opinion, a statement of what plaintiff alleges defendant said as opposed to a paraphrasal or a time-saving summary of the "gist" of defendant's statements. The allegation of defendant's utterance in plaintiff's complaint in Dodge Truck Center, Inc. is illustrative of a pleading which obviously fails to allege what defendant actually said: "Defendants made statements to the press and over the radio and television charging that plaintiff and the City of Scranton were in collusion in respect to paragraph 4 [that is of the complaint] above." It was obvious to the Lackawanna County Court in that case that none of the defendants made statements referring to a paragraph in a complaint which was not yet in existence.

Plaintiff's complaint in the present case, on the other hand, is fairly read by this court to allege what Williammee was purported to have said. The absence of quotation marks, if a defect at all, is only one of form, which does not move this court to agree with defendant that he is not thereby fairly apprised of what he is accused of having said.

Viewing the statements as being sufficiently specific, the court also concludes that they certainly are capable of a defamatory meaning within the standard expressed in Volomino; it does not "require an extravagant mental excursion" to discern the defamatory purport of utterances accusing a restaurant of keeping a dirty food preparation environment. See Volomino, Id., at 613.

Accordingly, we dismiss defendants' first preliminary objection.

Considering next defendants' second objection; to wit, that plaintiff's complaint is defective in that it fails to allege that the statements were "untrue" or "unjustifiable," we are not aware of any authority requiring the pleading of such "magic" words and deem plaintiff's allegation that the statements were slanderous to carry necessarily the implication that the statements were untrue. Defendants' second preliminary objection is consequently rejected.

Defendants' third and fourth objections should be read together as they contend that Count 1 of the complaint is deficient as a result of its failure to plead special damages in a situation where the utterances do not constitute slander per se. Special damages must be an element of a cause of action in defamation unless the statements alleged are defamatory per se: McDonald v. Lee, 246 Pa. 253 92 Atl. 135 (1914); Rannels v. S. E. Nichols, Inc., 447 F. Supp. 417 (E. D. Pa. 1978) [reversed on grounds that lower court had incorrectly applied Pennsylvania pleading rules instead of more liberal Federal "notice pleading" standard at 591 F. 2d 242 (1979)].

Since plaintiff has not pleaded special damages, its complaint will not withstand a demurrer unless the alleged statements do constitute slander per se. Generally, "statements which impute fraud or want of integrity in one's business are ordinarily actionable per se." Rannels, Id., at 417, quoting Penna. Law Encyclopedia "Libel and Slander," Section 14. While defendants in their brief argue that the alleged statements herein are not actionable per se because there exist no Pennsylvania cases on point holding that similar statements *are* actionable per se, we find the import of those statements is that

plaintiff would potentially serve its customers adulterated food, which, in our opinion, imputes a want of integrity to plaintiff's restaurant. See W. L. Prosser, Law on Torts, §112 at 758 (4th Ed. 1971).

In view of the foregoing, we dismiss defendants' third and fourth preliminary objections.

Defendants' remaining preliminary objection states in conclusory terms that Count 2 of plaintiff's complaint is not cognizable under the laws of Pennsylvania. We are compelled to agree.

Plaintiff alleges that defendants, by permitting statements allegedly slandering plaintiff's place of business to be made at a public meeting of the Lancaster Board of Health violated plaintiff's due process rights under the federal and state constitutions. In order to be afforded due process rights, whether they be notice, hearing (formal or informal), or both, it is axiomatic that there must be a deprivation of a cognizable life, liberty or property right.

Plaintiff's supposedly deprived interest is its good name and reputation. The Supreme Court of the United States has specifically held that one's interest in his good name and reputation is unprotected by the 14th Amendment right to procedural due process. See Paul v. Davis, 424 U.S. 693 (1976). In Paul v. Davis, a local police chief had included plaintiff's picture and name on a list of "active shoplifters" which he had circulated to local businessmen. The court recognized that the 14th Amendment did not make all torts of state officials Federal crimes.

Neither does plaintiff's interest in his reputation find protection under Article I, Section I, of the Pennsylvania Constitution. Pennsylvania courts have long recognized that the rights guaranteed by this Article "are not distinguishable" from those guaranteed by the due process clause of the 14th

Amendment to the United States Constitution. See Best v. Zoning Bd. of Adjustment of Pittsburgh, 393 Pa. 106, 141 A. 2d 606 (1958).

Lastly, plaintiff's interest in his reputation, at a public meeting such as the January 13 meeting involved herein at least, finds no statutory protection. Pennsylvania law provides that notice and an opportunity to be heard need only be given in the event that the Board of Health has issued an order for the abatement of a public nuisance; that is to say, an order revoking or suspending plaintiff's license to operate a restaurant. See 53 Pa.C.S.A. §37321. The January 13 meeting has not been alleged to have concerned such a revocation or to have followed it in point of time.

It is interesting to note that the request for damages of Count 1 is directed against defendants Williammee and Eby while recovery is sought under Count 2 from the City, Board of Health, and defendants Leman, Busia, Roe, Pillion, and Eckenrode, jointly and severally. It is not for this court to delve into plaintiff's reasoning for this, just as we shall not dwell on the rationale for not particularizing the relationship between the City of Lancaster and Williammee.

Rather, we will deal with the present context of the lawsuit and enter the following:

## ORDER

And now, August 25, 1982, it is hereby ordered that:

(1) Defendants' demurrer as to defendant Eby's liability under Count 1 of the complaint is sustained;

(2) Defendants' demurrer as to the entirety of Count 2 of the complaint is sustained; and

(3) The remaining preliminary objections, relating to defendant Williammee's liability under Count 1 of the complaint, are dismissed.